## BILBRO *v.* JONES.

1. It being, in a policy of life-insurance payable to the wife of the assured, stipulated that it "is issued and accepted upon express conditions that the [assured] may, with the consent of the company, at any time assign it, or before assignment change the beneficiaries therein or make any other change," it was the right of the assured with the company's assent to surrender this policy and take in its stead a paid-up policy payable to a person other than the wife, she having paid none of the premiums.
2. While as against all the world except the husband and the company the policy may have been the wife's property, she, being a mere volunteer, had no right to complain of any change in the contract of insurance made in accordance with its express terms, and therefore after the husband's death had no interest in the new policy.

Argued June 25, — Decided August 4, 1897.

Complaint. Before Judge Fite. Bartow superior court. January term, 1897.

*John W. Akin*, for plaintiff.
*J. W. Harris Jr.*, for defendant.

COBB, J.   Mrs. Bilbro brought suit against T. R. Jones for money had and received to her use. Upon the trial it appeared that her husband, Charles R. Bilbro, had issued on his life a policy of life-insurance, in which she was named as the

sole beneficiary, and that it contained the following stipulation:
"This policy is issued and accepted upon express conditions,
that the said Charles R. Bilbro may, with the consent of the
company, at any time assign it, or before assignment change
the beneficiaries therein, or make any other change. No as-
signment, however, shall take effect until written notice there-
of shall be given to the company, and under no circumstances
shall the company assume any responsibility for the validity
of such assignment. If any claim be made under an assign-
ment, proof of interest to the extent of the claim may be re-
quired." It also appeared that after several premiums had
been paid the assured delivered the policy to the company for
cancelation, and took a paid-up policy in which the defendant
was the beneficiary named, he being a creditor to whom the
assured was indebted in a sum greater than the amount to be-
come due on the maturity of the policy. Upon the death of
the assured, the amount stipulated in the policy was paid to
the creditor and was applied as a credit on the debt due by the
assured. The plaintiff claimed that she had a vested interest
in the policy, which could not be defeated by a change of the
beneficiary without her consent, and that the defendant was
liable to her for the amount collected by him on the new
policy. The court granted a nonsuit, and this is assigned as
error.

1. There being an express stipulation in the policy that the
assured might, with the consent of the company, change the
beneficiaries therein, the right to make such change is not in
any way dependent upon the will or consent of the beneficiary.
The beneficiary not having paid the premiums or any part of
them, her interest in the policy was to be determined abso-
lutely by the assured, subject to the stipulations of the policy
and the rules of the company. Under the circumstances, her
interest was not so vested as to prevent the assured from chang-
ing the beneficiary at pleasure, subject to the regulations of the
company as expressed in the contract of insurance. Richards
on Insurance, § 36; 1 Beach's Law of Ins. §§ 173, 174, and
cases cited; Bacon's Benefit Societies and Life Ins. § 289.

2. So long as the husband allowed the policy to stand with

the wife as the named beneficiary, it was her property as against every one except the husband and the company; but the moment the husband, who had paid all the premiums, saw proper to change the object of his bounty and effected the change in strict accordance with the terms of the contract between him and the company, her interest in the policy ceased, and being a mere volunteer, no complaint will be heard from her. As the plaintiff had no interest in the second policy, she had no cause of action against the beneficiary who collected the amount due thereon from the company; and a nonsuit was proper.

*Judgment affirmed. All the Justices concurring.*