COCHRAN *v.* SPINKS *et al.; et vice versa.*

Nos. 10524, 10525.   May 18, 1935.

*A. E. Wilson,* for plaintiffs.

*V. E. Adams* and *Carl T. Hudgins,* for defendants.

Bell, Justice.   A. O. Spinks, as guardian of his minor son, loaned to himself, as an individual, money belonging to the ward's estate, the money being secured by a deed to land executed by Spinks as an individual to himself as guardian.   Before the making of such loan the transaction was, on due application, authorized by an order of the superior court after the appointment of a guardian ad litem to represent the interests of the minor, and on whose report the order approving the loan was granted.   At the time of executing such security deed there was outstanding a prior security deed executed by Spinks as an individual to Mrs. R. M. Cochran.   This deed, however, was not recorded until after the record of the junior deed.   Mrs. Cochran brought a suit against Spinks as an individual and as guardian, to cancel the junior deed, and to establish the senior deed as a prior lien upon the property, alleging that the defendant both as an individual and as guardian knew of the existence of the senior deed at the time of the execution of the junior deed, and that in procuring the order from the superior court authorizing the loan Spinks had falsely and fraudulently stated that the property was free from encumbrance, and by such statement had imposed upon the court and obtained the order to lend the money of his ward to himself as an individual upon the terms hereinbefore indicated.   The trial resulted in a verdict for the defendant, and the plaintiff excepted to the overruling of her motion for a new trial.   The defendant sued out a cross-bill of exceptions, assigning error upon exceptions taken pendente lite to the overruling of his demurrer to the petition.   Besides the general grounds, the plaintiff's motion for a new trial consisted only of exceptions to the charge of the court.

There was no evidence to show that Spinks *as guardian* had any

knowledge of the existence of the prior security deed or was guilty of any fraud, unless such knowledge and fraud are to be imputed to him in his representative capacity from what he may have known and intended as an individual. Under the rulings made in the headnotes, no such imputation could be made. The evidence therefore demanded a verdict in favor of the defendant, and errors in the charge of the court, if any, were harmless. It is unnecessary to pass upon the assignments of error contained in the cross-bill.

*Judgment affirmed on the main bill of exceptions. Cross-bill dismissed. All the Justices concur, except Hutcheson, J., disqualified.*