WEST *v.* POLLARD *et al.*

No. 15877.   July 11, 1947.

*Ezra E. Phillips,* for plaintiff.

*Herbert Johnson, William F. Buchanan, Mary J. Nelson,* and *J. Bernard Wofford,* for defendants.

CANDLER, Justice. (After stating the foregoing facts.) In an ordinary life-insurance policy, where no power to change the beneficiary is reserved to the insured therein, the issuance of the policy confers a vested right in the person so named as beneficiary, and the insured can not change the contract in this respect without the consent of the designated beneficiary. *Bilbro* v. *Jones,* 102 *Ga.* 161 (29 S. E. 118) ; *Perry* v. *Tweedy,* 128 *Ga.* 402 (57 S. E. 782, 119 Am. St. R. 393, 11 Ann. Cas. 46) ; *Roberts* v. *Northwestern Nat. Life Ins. Co.,* 143 *Ga.* 780 (85 S. E. 1043) ; *Farmers State Bank* v. *Kelley,* 155 *Ga.* 733, 736 (118 S. E. 197) ; *Merchants' Bank* v. *Garrard,* 158 *Ga.* 867 (124 S. E. 715, 38 A. L. R. 102) ; Central Nat. Bank *v.* Hume, 128 U. S. 195 (9 Sup. Ct. 41, 32 L. ed. 370). The rule, however, is different where the insured names a beneficiary by revocable designation, as in this case, thus expressly reserving the right to change the beneficiary. In such event, the beneficiary acquires no vested right or interest in the policy, and upon compliance with the terms of the contract the insured may change the beneficiary. *Nally* v. *Nally,* 74 *Ga.* 669 (58 Am. R.

458); *Merchants' Bank* v. *Garrard,* supra; *Ogletree* v. *Ogletree,* 127 *Ga.* 232 (55 S. E. 954); *Hawkes* v. *Mobley,* 174 *Ga.* 481 (163 S. E. 494). However, since the naming of a beneficiary in a contract of insurance is an integral part thereof (*Merchants' Bank* v. *Garrard,* supra), it can not be said that a beneficiary named in a policy has no rights therein because he has no vested rights. The beneficiary has a right to the proceeds of the policy of insurance, subject to the right of the insured to change the beneficiary according to the terms of the contract; and the right of the beneficiary to have this contract carried out in the manner provided for is as binding upon the insured as his right to change the beneficiary is binding upon the designated beneficiary. Niblack's Accident Insurance & Benefit Societies, p. 415, § 218. Each of the policies in the instant case contains a provision giving the insured a right to change the beneficiary by and with the consent of the insurer. It has been held a number of times by this court that a substantial compliance with the terms of the policy respecting a change in beneficiary is sufficient. If the insured has done substantially all that is required of him, or all that he is able to do, to effect a change of beneficiary, and all that remains to be done is ministerial action of the insurer, the change will take effect though the details are not completed before the death of the insured. 4 Cooley's Briefs on Insurance, 3769; *Nally* v. *Nally,* supra; *Brown* v. *Dennis,* 133 *Ga.* 791 (66 S. E. 1080); *Brown* v. *Dennis,* 136 *Ga.* 300 (71 S. E. 421); *Smith* v. *Locomotive Engineers' Mut. Life &c. Ins. Assn.,* 138 *Ga.* 717 (76 S. E. 44); *Barrett* v. *Barrett,* 173 *Ga.* 375 (160 S. E. 399, 78 A. L. R. 962). In the *Barrett* case, supra, this court held that the insured had substantially complied with the terms of his policy, so as to effect a change of beneficiary, where he had signed the insurer's printed forms for that purpose, and executed an affidavit which he was required to sign, and transmitted these documents to the company through its agent and explained his inability to submit therewith his policy, as required by the contract, where a change of beneficiary was desired by the insured.

In our opinion, the allegations contained in the petition in the instant case do not show such a compliance with the terms of the policies as is necessary to effect a change in beneficiaries. Some affirmative act on the part of the insured is required. His mere

intention or desire to do so will not suffice to work a change of beneficiary. *Smith* v. *Locomotive Engineers' Mut. Life &c Ins. Assn.*, supra; Niblack's Accident Insurance & Benefit Societies, § 218; Freund *v.* Freund, 218 Ill. 189 (75 N. E. 925, 109 Am. St. R. 283) ; 29 Cyc. 132, 133. In this case no request for a change in beneficiary was in fact made to the company or even so much as signed by the insured. In *Smith* v. *Locomotive Engineers Mut. Life &c Ins. Assn.*, supra, it was held that, where a mutual benefit association issued a certificate to a member, in which his mother was designated as the beneficiary, it not appearing that the right to change the beneficiary was restricted, nor the method prescribed, the insured at the time being an unmarried man, who subsequently married, and as an inducement thereto agreed that, if the woman would marry him, she should be made the beneficiary in the certificate in place of the member's mother, and where it appeared that the member never did anything to carry out such contemplated change, but promised from time to time to have the change made, and about two years after the marriage wrote his wife that he had written the association requesting the change of beneficiary to be made, the beneficiary named in the certificate was, upon the death of the member, entitled to the benefit fund due upon the certificate as against the widow of the member. In this case, as shown by the petition, the only effort made by the insured to obtain the consent of the company to change the beneficiary in the policies was a request made to his daughter that she secure from the insurance company the forms which it required him to sign as an application for that purpose, but so far as the petition shows no such request was ever made. We do not think that the allegations of the petition show such a substantial compliance with the terms of the policies as would be necessary to effect a change in beneficiary upon the application of equitable principles. Accordingly, it was not error to sustain the general demurrer and to dismiss the plaintiff's action.

*Judgement affirmed. All the Justices concur, except Bell, J., who dissents.*