## LOYD *v.* LOYD.

No. 16189. MAY 11, 1948. REHEARING DENIED JUNE 18, 1948.

778

G. S. Peck, for plaintiff in error.

Neely, Marshall & Greene and Edgar A. Neely Jr., contra.

DUCKWORTH, Presiding Justice. (After stating the foregoing facts.) In Smith v. Locomotive Engineers &c. Ins. Assn., 138

*Ga.* 717 (76 S. E. 44), this court dealt with facts very similar to those here involved, the only difference being that there the insurer appears to have disputed the claim of the wife, while here the insurer was indifferent as to which claimant should prevail, paid the money into court, and was discharged. In that case it was held that, because the insured had made no effort to have the beneficiary changed, the named beneficiary was entitled to the proceeds of the policy. That ruling must control here, since the insured in the instant case made no effort to have the beneficiary changed in the policy, unless it can be held that the action and attitude of the insurer, being different in the two cases, constitute a material factual difference which affects the rights of the claimants. Can we so hold upon sound reason and legal principle? While during the life of the insured he was authorized by the terms of the policy to change the beneficiary, the named beneficiary had no vested interest but a mere expectancy, dependent upon whether or not the insured substituted another for her as beneficiary; yet, when the insured failed to exercise this authority and died without making any change, the named beneficiary had a vested interested in the proceeds of the policy. The law would protect this vested interest. "Equity is ancillary, not antagonistic, to the law; hence equity follows the law where the rule of law is applicable, and the analogy of the law where no rule is directly applicable." Code, § 37-103. As a prerequisite to an interference with this prima facie legal right, equity would require the existence of circumstances and facts that in good conscience would demand the forfeiture of this vested legal right. It is not charged in this case or even claimed that the named beneficiary is guilty of acts or conduct relating to this matter which in any wise subjects her to censure or criticism. Neither is the insurer charged with fault or responsibility for the condition of the policy at the death of the insured wherein the mother remained the named beneficiary. The wife makes no claim that either the insurer or the named beneficiary is responsible in any respect whatever for the failure to change the name of the beneficiary. Her answer shows unmistakably a breach of the contract upon the part of the insured. During the life of the insured she could have in equity required specific performance of the

contract by the insured, or may have accepted the breach and have sued for damages. She did neither and now after his death it is sought to require the mother to compensate the wife for such damage. During the life of the insured the wife chose to rely upon his promise and neglected to take appropriate action to avoid the injury which she suffered. Equity requires diligence. Code, § 37-211; *Archer* v. *Kelley*, 194 *Ga.* 117 (21 S. E. 2d, 51). It is plain, therefore, that under the facts here shown equity must follow the law and grant to the named beneficiary her full vested rights under the policy and award the proceeds to her. *West* v. *Pollard*, 202 *Ga.* 549 (43 S. E. 2d, 509).

There are decisions of this court which in the absence of clear analysis might be erroneously construed to be in conflict with what we have held above. In *Nally* v. *Nally*, 74 *Ga.* 669 (58 Am. R. 458), the facts were in all material respects identical with the facts in the present case except that there the insured did everything required of him to effect a change of the beneficiary, and the named beneficiary, having knowledge of his efforts, refused his request to deliver the insurance policy, while here the insured made no attempt to change the beneficiary. It was there held that the insured had done all he could, and the ministerial act of the insurer in changing the beneficiary would not be allowed to defeat his desire, and the wife was awarded the proceeds from the insurance policy as against the beneficiary named in the policy. This court attempted, in *Dell* v. *Varnedoe*, 148 *Ga.* 91 (95 S. E. 977), to reconcile the decision in *Nally* v. *Nally*, supra, with that in the *Smith* case, supra, upon the ground that in the former the insurer paid the money into court and assumed an attitude of indifference as to which claimant should prevail, whereas in the latter the insurer was a party to the case and was not indifferent. It was asserted that by paying the money into court the insurer waived its right to require compliance with the provisions of the policy respecting the change in beneficiary and left the court to decide the issue between the two claimants upon the basis of their respective equities; whereas in the latter there was no such waiver upon the part of the insurer. In the first place, it should be observed that in *Dell* v. *Varnedoe*, supra, the insured had substantially met the requirements of the policy for

effectuating a change of beneficiary, and it thereupon became the contractual duty of the insurer to perform the ministerial act of making the change of beneficiary in the policy to conform to the known wishes of the insured. We think that the distinction in the two cases quite definitely is found in the conduct of·the insured and not in the conduct of the insurer after the death of the insured. In so far as the rights of the insurer are concerned, it might have made waivers which would have affected such rights, but obviously it was not within the power of the insurer to forfeit or even impair the vested rights of the beneficiary by any act or waiver subsequently to the death of the insured. If the ruling we make required further support, that support might be found in the *Smith* case, supra, where it is said: "If, however, · the insured has done substantially all that is required of him, or all that he is- able to do, to effect a change of beneficiary, and all that remains to be done is ministerial action of the association, the change will take effect though the details are not completed before the death of the insured. *Ib.* [Cooley's Brief on Insur-, ance] 3769; *Nally* v. *Nally,* 74 *Ga.* 669 (58 Am. R. 458) ; *Brown* v. *Dennis,* 133 *Ga.* 791 (66 S. E. 1080) ; *Brown* v. *Dennis,* 136 *Ga.* 300 (71 S. E. 421). Some affirmative act, however, on the part of the member to change the beneficiary is required; his mere intention will not suffice to work a change of beneficiary." What interest could the insurer possibly have as to which of the two claimants should be awarded the proceeds of the policy, when all are in court and judgment awarding the fund constitutes full and complete protection to the insurer as against any further claim by the losing claimant? What difference would it, therefore, make in fixing the rights of the claimants whether the insurer was manifesting an indifference or was contesting the right of either claimant, since in either case the court's judgment, regardless of which claimant prevails, is full protection to the insurer against further claims of either claimant? There is no conflict in the decisions in *Nally* v. *Nally,* supra, and the *Smith* case, supra. The material difference in the facts authorized diametrically different rulings. In the former, the insured, because of his efforts, was entitled to have the beneficiary changed; whereas, in the latter, the insured, because of a total absence of effort to

change the beneficiary, was not entitled to have the change made; and equity in each case required to be done that which ought to have been done. Many other cases following the respective rulings in these two cases, too numerous to be listed here, are explained upon this basic principle.

However wrongful the insured's treatment of his wife may have been, and however much compensation for damages the law might exact of him, or his estate therefor, the wife's injury can not be repaired by allowing her to excuse him and his estate, and by this procedure collect for such damages from the mother, who took no part in his wrongdoing. We think that lawful contracts are still binding upon the parties, and that courts should uphold them unless the conduct of the contracting parties has been such that in equity and good conscience they have forfeited their rights thereunder. Courts take long risks of doing an injustice when by judgment they allow mere verbal statements to nullify written documents, by substituting the unwritten for the written contract.

For the reasons stated the court did not err in dismissing the answer of Mrs. Gracie Loyd claiming the fund in court, and in awarding that fund to Mrs. Julia F. Loyd. This ruling makes it unnecessary to rule upon the exception to the dismissal of the cross-bill of Mrs. Gracie Loyd, in which it was sought to recover judgment for the proceeds of another policy upon precisely the same grounds that the claim to the proceeds here was prosecuted.

*Judgment affirmed. All the Justices concur.*