WILBUR *v.* BANKERS HEALTH & LIFE INS. CO. *et al.*

CANDLER, Justice. Bankers Health & Life Insurance Company, on October 18, 1947, issued a policy of insurance on the life of John A. Wills, a boy seveteen years of age, making his mother, Lizzie Wills, now Mrs. Lizzie Wills Wilbur, the beneficiary. The insured's father was then dead, and he had been manumitted by his mother when about sixteen years of age. One of the provisions of the policy is as follows: "With the consent of the Company and subject to the conditions of the application, the insured, if twenty-one years of age, may from time to time change the beneficiary by request to the Home Office upon the Company's prescribed form, accompanied by the policy, such change to take effect only upon indorsement hereon by the Company. The insured may exercise any right under this policy without the consent of the beneficiary. During the life of the insured the beneficiary has no vested interest in this policy." Pursuant to this provision of its

policy, the company required a parent or guardian of the insured, when a minor, to consent in writing to any change in beneficiary. The policy also expressly provides that only the president or secretary of the company has power to modify or waive any of its terms or conditions. The insured married April 15, 1950, and his mother suggested to him that he should, because of his marriage, change the beneficiary in his insurance policy. On May 29, 1950, the insured executed the company's prescribed form for change in beneficiary and requested therein that his wife, Mrs. Alma Wills, be designated as beneficiary in lieu of his mother. He attached his policy to the application for change in beneficiary and delivered it to the company's local agent, who, after some slight delay, sent it to the company's home office at Macon, Georgia. It was received there on June 6, 1950, and "the clerk who handled it" indorsed on the policy "6-6-50 Bene ch to Alma W. Wills' wife NTW/S," but that entry was never signed. On the same day "in a routine check of the form" it was discovered that the insured was a minor, and the company "withheld completion of the transaction," and, in accordance with its usual practice, sent the application to its Atlanta Superintendent and directed him to have the parent or guardian of the insured sign a "slip" consenting to the insured's request for a change in beneficiary, but this was not accomplished before the insured's accidental death on June 7, 1950, or later. Subsequently, the mother furnished proofs of her son's death to the company. The wife also notified the company that she, as beneficiary, claimed the proceeds of the policy and that payment thereof should be made to her. The mother, as beneficiary, filed a suit against the company for the proceeds of the policy. By its answer, the company admitted that the policy sued on was of full force and effect at the time of the insured's death, and alleged its willingness to pay the full amount of the proceeds so due to whoever was legally entitled to have them; and by cross-bill, after alleging the facts related above respecting a change in beneficiary and the conflicting claims to the proceeds, prayed that the mother and wife of the insured be required to interplead as to their respective right to the proceeds of the policy, as to which it was allegedly indifferent. At the time of filing its pleadings, the company paid the full amount due under the terms of the policy into the registry of the court. Over objections interposed by the plaintiff, the rival claimants to the proceeds of the policy were ordered to interplead and the company was discharged. Mrs. Wills filed a response to the petition, setting up her claim as beneficiary to the funds in the registry of the court. She alleged also that the company had by its cross-bill and prayer for interpleader waived the right to require compliance with its terms and conditions for a change in beneficiary. The case, involving purely a question of law, was submitted to the judge without the intervention of a jury. A judgment was rendered in favor of the insured's wife as the beneficiary, and the mother excepted and by direct bill of exceptions brought the case to this court for review. *Held*:

Adhering to the unanimous full-bench decision of this court in *Jackson* v. *Leonard*, 169 *Ga.* 324 (150 S. E. 152), the policy of insurance here involved provided for a change in beneficiary, conditioned solely on

terms required by the company. As shown by the preceding recitation of facts, there was no substantial compliance with the company's terms and conditions providing for a change in beneficiary where the insured, as here, is a minor; and, consequently, none resulted from what was done. The mother's right, as beneficiary, to the proceeds of the policy vested absolutely in her upon the death of the insured, and no subsequent act or conduct of the company could by waiver or otherwise divest or impair in any way her vested right to the same. *Loyd* v. *Loyd*, 203 *Ga.* 775 (48 S. E. 2d, 365); *West* v. *Pollard*, 202 *Ga.* 549 (43 S. E. 2d, 509). It follows, therefore, that the proceeds of the policy should have been awarded to the mother as beneficiary; and it was error not to do so.

*Judgment reversed. All the Justices concur.*

No. 17551. ARGUED SEPTEMBER 10, 1951—DECIDED OCTOBER 10, 1951.

*Sam J. Welsch* and *Ingram & Tull,* for plaintiff.
*J. G. Roberts* and *Turpin & Lane,* for defendants.