A91A1979. KING et al. v. TRAVELERS INSURANCE COMPANY.
(415 SE2d 176)

BEASLEY, Judge.

The question for decision in this case is whether the proceeds of a workers' compensation settlement agreement, payable after the employee's death to designated beneficiaries other than the employee's spouse, constitute an asset of his estate which could be awarded to his spouse in a year's support proceeding.

In July 1985, Joseph Edward King, Jr., sustained an on-the-job injury. He claimed that this injury resulted in his total and permanent disability, but his employer and its workers' compensation insurer, Travelers Insurance Company, denied this. Eventually the employer/insurer stipulated and agreed under the Workers' Compensation Act, OCGA § 34-9-15, to pay King $10,000 in a lump sum,

to make a lump-sum payment to his attorney, and to pay King $850 monthly for life, guaranteed for 16 years. If he died within the 16 years, the remaining monthly payments were to be made to his designated beneficiaries: 50 percent to his father and 50 percent to his minor son through his court appointed guardian. This agreement was a complete and final disposition of all claims on account of the injury, and it was approved by the Board in February 1987. King died two years later. Travelers was notified of his death and began making monthly payments to the decedent's father and to the decedent's son through his guardian, plaintiff herein.

As the decedent's common-law wife, plaintiff applied for year's support in probate court listing her deceased husband's father as the only interested person. She scheduled the workers' compensation settlement proceeds as a chose in action constituting part of the estate. The court granted the application and made the schedule of property its award.

Later the widow, both individually and as guardian of the son, filed this complaint against Travelers on the ground that Travelers refused to pay her the benefits under the workers' compensation settlement agreement. Travelers moved for dismissal of the complaint on the ground that the payments made to the beneficiaries under the settlement agreement are rights which vested in them upon the decedent's death and thus were not an asset of the estate. In an order setting out a statement of undisputed facts and its conclusions of law, the superior court granted Travelers' motion. The widow contends that the settlement agreement proceeds are reachable as part of the estate.

The proceeds of a life insurance policy vest in the named beneficiary on the death of the decedent and are not part of the decedent's estate. See *Wilbur v. Bankers Health &c. Ins. Co.*, 208 Ga. 401 (66 SE2d 918) (1951); OCGA § 33-25-11 (a). Survivors' benefits under the Teachers Retirement System of Georgia are not part of the decedent's estate and thus not subject to a year's-support claim. *Kirksey v. Teachers Retirement System of Ga.*, 250 Ga. 884, 886 (3) (302 SE2d 101) (1983). The proceeds of this workers' compensation settlement agreement, which bears analogies to an annuity contract, see OCGA § 33-28-1 (1), are likewise not part of the decedent's estate and thus are not subject to the year's-support claim. Cf. OCGA § 33-28-7. See 3 Redfearn, Wills & Administration in Ga., § 333, p. 53 (5th ed.). King's right to the monthly payments passed on his death and by virtue of it to the beneficiaries, not to his estate.

Citing *Taylor v. Taylor*, 217 Ga. 20, 25 (7) (120 SE2d 874) (1961), and *Strain v. Monk*, 212 Ga. 194 (1) (91 SE2d 505) (1956), plaintiff argues that as a matter of res judicata, Travelers is bound by the probate court judgment in the year's support proceeding. These decisions

hold that a judgment setting aside year's support is binding and conclusive upon all interested parties, except where the record shows a want of jurisdictional facts. Travelers was not a party to the year's support proceeding, and the record shows that, as to the proceeds of the settlement agreement, the probate court lacked in rem jurisdiction because they were not part of the decedent's estate.

*Judgment affirmed. Carley, P. J., and Judge Arnold Shulman concur.*

DECIDED JANUARY 6, 1992 —
RECONSIDERATION DENIED JANUARY 27, 1992 —

*Richard Phillips*, for appellants.
*Karsman, Brooks & Callaway, R. Kran Riddle*, for appellee.