**Richard BARKER, Jr., Plaintiff,**

v.

**JACKSON NATIONAL LIFE INSURANCE COMPANY, Defendant.**

**No. 92–50140–RV.**

United States District Court,
N.D. Florida,
Panama City Division.

June 15, 1995.

Glenn L. Hess, Glenn L. Hess P.A., Jeffrey C. Bassett, Barron, Redding, Hughes, Fite,

Bassett & Fenson, Panama City, FL, for plaintiff.

Edward R. Nicklaus, Pro Hac Vice, Dolores M. Blanco, Pro Hac Vice, Richard D. Settler, Pro Hac Vice, William R. Wicks, III, Pro Hac Vice, Nicklaus, Valle, Craig & Wicks, Miami, FL, for defendant.

## ORDER

VINSON, District Judge.

Pursuant to the pretrial order, the parties have briefed the issue of the effectiveness of the disclaimer executed by plaintiff Richard Barker, Jr.

## I. BACKGROUND

Stacey Lynn Sheppard Barker ("Stacey Barker") died on May 23, 1991, under suspicious circumstances. At the time of her death, Stacey Barker was insured under a $350,000.00 term life insurance policy issued by defendant Jackson National Life Insurance Co. ("Jackson National"). Plaintiff Richard Barker, Jr. ("Barker"), Stacey Barker's husband, was the primary beneficiary of the policy; Stacey Barker's estate ("the estate") was the secondary beneficiary. Barker demanded the proceeds of the policy. On or about December 30, 1991, Jackson National declared the policy void and refused to pay the policy benefits. Barker filed suit against Jackson National, alleging bad faith denial of coverage.

On May 5, 1995, after the case had been set for trial, Barker executed and later recorded a purported disclaimer of all his rights as the beneficiary of the policy. However, he did not attempt to, or intend to, renounce any rights he has as a beneficiary of the estate. The parties agree that Stacey Barker died intestate, and that her surviving heirs entitled to take under the intestacy statute are the plaintiff, and Andrew Barker, the couple's minor child. The parties also agree that under the Florida intestacy statute [§§ 732.102–103, *Fla.Stat.* (1993)], the plaintiff would take the first $20,000.00 of the estate, and one-half of the remainder. Andrew Barker would receive the other half of the remainder, via a guardian, presumably.

The legal effect of the disclaimer was discussed at the pretrial conference, and the parties were directed to brief the issues of (1) the effect, if any, of the fact that Barker has not disclaimed his rights of the estate and (2) whether the disclaimer was timely under Florida law.

## II. ANALYSIS

[1] The effectiveness of the disclaimer must be determined under Florida law. The legal requirements for an effective disclaimer of nontestamentary personal property are contained in Section 689.21, Florida Statutes (1993). It provides in pertinent part:

> **Disclaimer of interests in property passing under certain nontestamentary instruments or under certain powers of appointment**
>
> \*     \*     \*     \*     \*     \*
>
> **(2) Scope of right to disclaim.—**
>
> (a) A beneficiary may disclaim any interest in property which would pass (unless disclaimed) to the beneficiary:
>
> \*     \*     \*     \*     \*     \*
>
> 5. As beneficiary of an insurance contract. . . .
>
> \*     \*     \*     \*     \*     \*
>
> **(3) Disposition of disclaimed interests.—**
>
> (a) Unless the grantor, or donee of a power of appointment, has otherwise provided by a nontestamentary instrument with reference to the possibility of a disclaimer by the beneficiary, the interest disclaimed shall descend, be distributed, or otherwise be disposed of in the same manner as if the disclaimant had died immediately preceding the death or other event which causes him to become finally ascertained as a beneficiary and his interest to become indefeasibly fixed both in quality and quantity, and, in any case, the disclaimer shall relate for all purposes to such date, whether filed before or after such death or other event. An interest in property disclaimed shall never vest in the disclaimant.
>
> (b) A beneficiary who disclaims any interest which would pass to him in any manner described in paragraph (2)(a) shall not be excluded, unless his disclaimer in-

strument so provides, from sharing in any other interest to which he may be entitled in any manner described in this section, including subparagraph 2(a)9., even though such interest includes, by virtue of the beneficiary's disclaimer, disclaimed assets.

\*   \*   \*   \*   \*   \*

**(5) Time in which disclaimer shall be made.—** A disclaimer shall be filed at any time after the creation of the interest but, in any event, within 12 months after the effective date of the nontestamentary instrument creating the interest, or, if the disclaimant is not then finally ascertained as a beneficiary or his interest has not then become indefeasibly fixed both in quality and quantity, such disclaimer shall be filed not later than 12 months after the event which would cause him so to become finally ascertained and his interest to become indefeasibly fixed both in quality and quantity.

There appear to be no reported Florida cases which address the issues here. The defendant asserts that because the relevant statute provides that the property should pass as if the disclaimant had predeceased the grantor, the disclaimant cannot take the disclaimed property in any manner. The statute specifically provides that "an interest in property disclaimed shall never vest in the disclaimant." Standing alone, paragraph (a) of Section 689.21(3) makes the disclaimer effective for any successive interest. However, subparagraph (b) of the same section explicitly provides that a disclaimant can take the disclaimed assets in another interest "to which he may be entitled in any manner described in this section." It includes a disclaimed interest passing by succession under Section 689.21(2)(a).

Thus, the issue seems to fall within two conflicting statutory provisions. Reading the two sections completely and *in pari materia,* I conclude that the plaintiff's disclaimer under this statute of his right to receive the life insurance proceeds as the policy's beneficiary does not bar him from being a beneficiary of the estate which may receive those proceeds as a result of his disclaimer, unless his disclaimer expressly so provides. The disclaimer is limited to only the receipt of the life insurance proceeds as designated beneficiary of the policy, so he may still inherit via the estate. A separate statute applies to disclaimers of interests passing by testate or intestate succession. *See* § 732.801, *Fla. Stat.* (1993).

The question of whether the disclaimer was timely is more difficult. The parties have not cited, and I have not discovered, any reported Florida cases construing Section 689.21(5), Florida Statutes (1993), which addresses the time in which the disclaimer must be made. Under Georgia law, which controls regarding the policy, if the terms of the policy permit the insured to name and to change beneficiaries in her sole discretion, the designated beneficiary under the life insurance policy has no vested right to the policy proceeds, but only a mere expectancy during the lifetime of the insured. *West v. Pollard,* 202 Ga. 549, 43 S.E.2d 509, 511 (1947). The law of Florida is the same. *See Cooper v. Muccitelli,* 1995 WL 322199, —— So.2d ——, —— (Fla. 2d DCA 1995). The dispositive issue, therefore, is whether Barker's right to the policy proceeds became indefeasibly fixed as to quality and quantity at the time of his wife's death, or at some later time.

Georgia law provides that a life insurance beneficiary's right to the proceeds of the contract vests at the time of the insured's death. *King v. Travelers Ins. Co.,* 202 Ga. App. 568, 415 S.E.2d 176, 177 (1992); *Hagins v. Fuller,* 138 Ga.App. 23, 225 S.E.2d 485, 486 (1976).

Thus, I begin the critical analysis by recognizing that Barker's interest in the life insurance proceeds (if any) vested by operation of law at the time of Stacey Barker's death. But the Florida statute [§ 689.21(5) ] does not even mention the word "vest." Instead, it uses the language "indefeasibly fixed both in quality and quantity." Therefore, the fact that vesting occurred at Stacey Barker's death (subject to divesting if Section 732.802(3), Florida Statutes, which prohibits a killer from receiving the victim's life insurance benefits, applies) is of no real consequence in construing the Florida statute.

Likewise, the provisions of the Internal Revenue Code [Section 2518(b)(2) ] and the implementing regulations [Section 25.2518–2(c)(3) ] key the disclaimer time (9 months) to run from the taxable transfer occurring at

the date of death. Cases construing the timeliness of disclaimers under the Internal Revenue Code do not appear to be of any help in calculating when Barker's interest in the life insurance proceeds "became indefeasibly fixed both in quality and quantity."

I conclude that the focus should be upon the word "indefeasibly" within the statute. Black's Law Dictionary (rev. 4th ed.) defines the term as "that which cannot be defeated, revoked, or made void." Since Barker's interest will be defeated and made void if Florida's killer statute is found to apply by the trial in this case, it necessarily follows that Barker's right to the life insurance proceeds has not yet become indefeasibly fixed both in quality and quantity, and that his disclaimer was timely under the Florida Statute.

DONE AND ORDERED.