A96A1475, A96A1476. BACON v. SMITH; and vice versa.
(474 SE2d 728)

BLACKBURN, Judge.

In Case No. A96A1475, Jerry Bacon appeals the superior court's order which reversed the probate court and upheld Walter Smith's investment of his ward's assets in annuities. In Case No. A96A1476, Walter Smith appeals the portion of the superior court's order which denied his motion for summary judgment, thereby affirming the probate court's revocation of the letters of dismission granted to Walter H. and Lois L. Smith as guardians of Christopher Lee Smith (minor). The underlying action arose out of a petition for accounting and distribution filed by Bacon.[1]

On April 25, 1990, Walter and Lois Smith were appointed the guardians of their 15-year-old adopted son, Christopher Lee Smith, for the purpose of managing Christopher's assets until he reached the age of majority. Also on April 25, 1990, the Liberty County Probate Court authorized the settlement of the tort claims Christopher lodged against Anneewakee, Inc., in the total amount of $452,740.05, from which attorney fees were deducted. On May 14, 1990, Christopher's guardians filed a petition in probate court seeking the court's approval to invest Christopher's settlement in certain described annuity plans. After review, the probate court specifically approved of and authorized the purchase of the annuities requested.

The annuities were purchased, and Christopher listed his parents as primary beneficiaries and Henry and Sheila Smith as secondary beneficiaries. Bacon, Christopher's half-brother from his mother's previous marriage was not listed as a beneficiary. Christopher designated the beneficiaries in the probate court judge's presence and outside the presence of his guardians.

On December 24, 1991, Christopher was killed in an accident. Christopher's guardians administered his estate and were issued letters of dismission on September 16, 1993. On November 1, 1994, Bacon filed the underlying petition for accounting and distribution of Christopher's estate, asserting that he was entitled to a one-fifth share in the annuities and estate assets.[2] The probate court determined that letters of dismission granted to the guardians should be

---

[1] Bacon is the son of Lois Smith and her first husband. Bacon is therefore the half-brother to the children of Lois and her second husband, Walter Smith.

[2] The action was filed against Walter Smith as Lois Smith was deceased.

set aside as the final return did not show a zero balance and no distribution was made to Bacon of the cash funds in the estate. The probate court further determined that, although the purchase of the annuities was authorized, Bacon was entitled to a one-fifth share of all annuity payments upon Christopher's death.

On appeal from the probate court's order, the superior court determined that the probate court properly set aside the letters of dismission because Bacon was omitted from the distribution of estate funds; however, the superior court found that the probate court erred in determining the annuities were part of Christopher's estate. The superior court determined that the annuities were authorized by court order and that Christopher had the right to dispose of his property by designating the beneficiaries to the annuities. These appeals followed.

## Case No. A96A1475

1. In his first enumeration of error, Bacon contends the trial court erred in determining that Christopher's designation of beneficiaries to the annuities was tantamount to making a will. This enumeration is without merit as it misconstrues the trial court's order. The trial court merely drew an analogy between the right of a 15 year old to dispose of his property by will, see OCGA § 53-2-22, and 15-year-old Christopher's right to determine the beneficiaries of his annuities. OCGA § 53-2-22 provides that the minimum age for testamentary capacity is 14 years. The trial court correctly determined that Christopher had the ability to designate beneficiaries to his annuities.

2. Bacon next asserts that the trial court erred in determining that a conflict of interest did not prevent the guardians from naming themselves as beneficiaries. By this enumeration, Bacon misconstrues the facts in evidence. The only evidence in the record concerning the process of the beneficiary designation indicates that Christopher made such designation with the guidance of the probate judge and outside the presence of his parents. No evidence was presented supporting Bacon's allegation that the guardians "named themselves as beneficiaries." As Bacon presented no evidence of undue influence by the guardians, the trial court correctly granted summary judgment on this issue. See *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

3. Bacon contends the trial court erred by determining that the guardians were authorized to make investments with their ward's property when such investments were not authorized by statute. However, the investments were specifically reviewed and authorized by the probate court on May 14, 1990. Furthermore, as recognized by

the probate court, OCGA § 29-2-16 (b) became effective July 1, 1990, in which the legislature merely codified the type of settlement arrangements obtained for Christopher herein. Although not specifically authorized by statute as of the date of court approval, Bacon has cited no authority indicating that the probate court was without the power to authorize the purchase of the annuities. The protections of the ward's assets afforded by OCGA § 29-2-15 are certainly present upon the probate court's review and approval of the proposed settlement.

Furthermore, OCGA § 53-12-280 provides for authorized investments of trust funds and indicates specifically that "[a]ny other investments of trust funds shall be made under an order of the superior court or shall be at the risk of the trustee." The Georgia Supreme Court has previously applied this Code section in a guardian/ward situation. See *Cochran v. Spinks*, 180 Ga. 623 (180 SE 221) (1935). By making an investment without statutory or court approval the trustee "risks" being liable for any funds lost. See *Karsman v. Portman*, 173 Ga. App. 108 (325 SE2d 608) (1984). In the present case, no funds were lost, and there have been no allegations that the annuities were not sound investments. Therefore, Bacon is without any basis to contest the investment of Christopher's funds in the annuities at issue.

4. In his fourth enumeration of error, Bacon contends the trial court erred in determining that the probate court was unauthorized to correct or set aside its previous order which authorized the purchase of the annuities.

Pretermitting whether the probate court was unauthorized to set aside its previous order, we find that the probate court did not set aside its order authorizing the purchase of the annuities, but set aside only the letters of dismission it gave to the Smiths on the administration of Christopher's estate. In fact, the probate court specifically held that it "did have the authority to approve the investment of the ward's funds in the annuity and the deferred payment plan," and that there was no reason to set aside the annuity at this point in time.

The trial court correctly held that Bacon is not entitled to a one-fifth share of the annuities because they were not part of Christopher's estate. See *King v. Travelers Ins. Co.*, 202 Ga. App. 568, 569 (415 SE2d 176) (1992) ("[t]he proceeds of this workers' compensation settlement agreement, which bears analogies to an annuity contract, see OCGA § 33-28-1 (1), are likewise not part of the decedent's estate").

*Case No. A96A1476*

5. Smith appeals the portion of the superior court's order in which it denied his motion for summary judgment, thereby affirming the probate court's revocation of the letters of dismission granted to Smith with regard to probating his ward's estate.

The evidence in the record is uncontradicted that Christopher's estate did contain assets and that no assets were distributed to Bacon. However, OCGA § 53-4-1 provides that, after payment of expenses, the balance of the estate "shall stand subject to distribution among the heirs at law of the decedent, according to the rules prescribed by law." OCGA § 53-4-2 (5) provides, in pertinent part, that "[b]rothers and sisters of the intestate shall stand in the second degree and shall inherit if there is no surviving spouse, child, or representative of a child. The half blood, both on the paternal and maternal side, shall inherit equally with the whole blood." Additionally, "[t]he father and mother inherit equally with brothers and sisters and stand in the same degree." OCGA § 53-4-2 (6). Therefore, Bacon was entitled to a one-fifth share of the assets in Christopher's estate.

An estate's administrator may not obtain a discharge until he has fully discharged all duties, including the duty of distribution. See OCGA § 53-7-140; *Fuller v. Fuller*, 107 Ga. App. 429 (130 SE2d 520) (1963). In the present case, the Smiths did not comply with their duty of distribution to heirs at law. The assertions in the record regarding the Smiths' lack of knowledge that Bacon would be included as an heir, do not excuse their failure to make the proper distribution, and in fact support the setting aside of the letters of dismission. OCGA § 9-11-60 (d) (2) provides that a judgment may be set aside based upon "[f]raud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant."

In the present case, the letters of dismission were properly set aside due to mistake. Therefore, the trial court correctly denied Smith's motion for summary judgment, thereby affirming the probate court's revocation of the letters of dismission.

*Judgments affirmed. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED AUGUST 19, 1996 — 

*Simon, Booth, Cook & Cardillo, Robert R. Cook*, for appellant.
*Alton D. Kitchings*, for appellee.