A07A0487. LAKE v. YOUNG HARRIS ALUMNI FOUNDATION, INC.
(641 SE2d 628)

PHIPPS, Judge.

This case pits Connie Lake against the Young Harris Alumni Foundation, Inc. (YHAF). They both claim to be the beneficiaries of annuities issued by the Midland National Life Insurance Company to Carrie Jane Akins. Lake appeals the trial court's award of summary judgment to YHAF. We find no error and affirm.

Akins purchased two annuity policies from Midland in 1997. On the policy applications, she designated the "Young Harris College[,] College Foundation" as beneficiary of both annuities following her death. But shortly before her death in 2003, Akins decided to change the beneficiary of the policies to Lake. Although Akins completed change-of-beneficiary forms naming Lake as the new beneficiary and mailed the forms to Midland, she did not sign them. Midland, therefore, returned the forms to her for her to sign. Before doing so, however, Akins went into a hospital, fell into a coma, and died.

Lake later brought this suit against Midland, Akins's estate, Young Harris College (YHC), and the Young Harris College Alumni Association, Inc. (YHCAA), claiming that she is the rightful beneficiary of the annuities. YHC renounced any claim to the proceeds of the policies and acknowledged that YHAF is the named beneficiary. Because YHC failed to answer Lake's complaint, a default judgment was entered against it. By consent of the parties, YHAF was substituted for YHCAA as party defendant, and Midland and Akins's estate were dismissed as party defendants.

YHAF moved for summary judgment against Lake on grounds that Akins had not done all that was required of her to change the beneficiary of her annuities and that YHAF, therefore, remained the beneficiary. Lake opposed YHAF's motion for summary judgment and

filed a cross-motion for summary judgment, arguing that Akins had named YHC rather than YHAF or YHCAA as the beneficiary of the annuities; and that Akins's submission of the albeit unsigned change-of-beneficiary requests to Midland evidenced her intent to substitute Lake as the beneficiary and constituted substantial compliance with the policy requirements. The trial court awarded summary judgment to YHAF and denied summary judgment to Lake.

1. Lake contends that the trial court erred in awarding summary judgment to YHAF, because a jury could find that Akins substantially complied with the terms of the annuity policies in requesting a change of beneficiaries.

An insurance company "may make reasonable regulations defining the methods by which a [policyholder] may change the beneficiary named in his [policy]; and when such regulations are made they become part of the contract, and the right to change can be exercised in no other way."[1] If the insured dies without having exercised that right, the named beneficiary has a vested interest in the proceeds of the policy.[2] But

> [i]t has been held a number of times . . . that a substantial compliance with the terms of the policy respecting a change in beneficiary is sufficient. If the insured has done substantially all that is required of him, or all that he is able to do, to effect a change of beneficiary, and all that remains to be done is ministerial action of the insurer, the change will take effect though the details are not completed before the death of the insured.[3]

Here, it is undisputed that one annuity policy issued by Midland to Akins provided that the beneficiary could be changed "only by filing satisfactory written notice with" Midland, "accompanied by the policy if required by" Midland; that the other policy provided that the beneficiary could be changed upon receipt of the policyholder's "written request in a form approved by" Midland; that after Akins told Midland's agent that she wanted to change the beneficiary of the two annuities, the agent provided her with change-of-beneficiary forms that contained spaces for the policy owner's signature and directed her to sign and return the forms; and that, after Akins returned the forms to Midland without having signed them, Midland sent the forms back to her with the instruction that she sign and

[1] *Smith v. Locomotive Engineers Mut. Life &c. Ins. Assn.*, 138 Ga. 717 (76 SE 44) (1912) (citation omitted).

[2] *Maxwell v. Britt*, 171 Ga. App. 230, 231 (2) (319 SE2d 88) (1984).

[3] *West v. Pollard*, 202 Ga. 549, 552 (43 SE2d 509) (1947) (citations omitted).

return them in an envelope provided to her, because a request for a change of beneficiary required the policy owner's signature.

Lake argues that in this case, as in *Hinkle v. Woolever*,[4] Akins substantially complied with the terms of the policy in requesting a change in beneficiary. YHAF argues that under the substantial compliance rule, as applied in *Barrett v. Barrett*[5] and *Faircloth v. Coleman*,[6] Akins did not do all that she needed to do to effect a change of beneficiary. Factually, YHAF claims that this case is similar to *Wilbur v. Bankers Health & Life Ins. Co.*[7]

Applying the substantial compliance rule, *Barrett* and *Faircloth* held

> that the change of beneficiary has been accomplished where he has done all that he could to comply with the provisions of the policy, as where he sent a *proper* written notice or request to the home office of the company but was unable to send the policy by reason of circumstances beyond his control, as where it has been lost, or was in possession of another person who refused to surrender it, or was otherwise inaccessible.[8]

Similarly, in *Hinkle*, the insured did everything within his power to remove his wife as the beneficiary of his life insurance policy after she had sued him for divorce. The insurer responded that it could not change the beneficiary during the pendency of the divorce proceedings. The insured died before entry of the final divorce decree, which awarded the life insurance policy to him nunc pro tunc. We affirmed the trial court's finding that the insured had done substantially all that he was required to do to effect a change of beneficiary. In so holding, we rejected his former wife's argument that he had not done substantially all that was required of him because he had not filled out a change of beneficiary form. As to that, we noted that there was nothing in the record that showed that he was required to complete such a form or had been given an opportunity to do so.

In *Wilbur*, the insurer issued a policy on the life of a minor with his mother as beneficiary. The insurer required a parent or guardian of the insured, when a minor, to consent in writing to any change in beneficiary. The insured, while still a minor, married and, at the suggestion of his mother, submitted an application to the insurer

---

[4] 249 Ga. App. 249 (547 SE2d 782) (2001).

[5] 177 Ga. 190 (170 SE 70) (1933).

[6] 211 Ga. 356 (86 SE2d 107) (1955).

[7] 208 Ga. 401 (66 SE2d 918) (1951).

[8] *Barrett*, supra at 193 (citation and punctuation omitted; emphasis supplied); *Faircloth*, supra at 361 (citations and punctuation omitted; emphasis supplied).

changing the beneficiary to his wife. The insurer returned the application to him directing him to have his parent or guardian sign the required consent to a change in beneficiary. Because that was not accomplished before the insured's accidental death, it was held that there was no substantial compliance with the company's terms and conditions providing for a change in beneficiary and that the mother remained the beneficiary.

Here, unlike in *Hinkle*, the annuity policies required Akins to file satisfactory written notice with Midland or a written request in a form approved by Midland to effect a beneficiary change. And, like the insured in *Wilbur* but unlike the insureds in *Barrett* and *Faircloth*, Akins never submitted a "proper" written request to the insurer. Consequently, as a matter of law, Akins did not do what she needed to do to effect a change in the beneficiary of her annuities.

2. Lake contends that the trial court erred in awarding summary judgment to YHAF because there is an issue of fact as to whether Akins's original policies named it or YHC as beneficiary.

The annuity applications provided a rectangular box for the beneficiary designation. The words "primary beneficiary" appeared on the upper left side of the box, and the words "relationship to proposed annuitant" appeared on the upper right side of the box. These two sets of words were separated by a vertical bar that extended from the bottom of the rectangle about half-way to the top. On both annuity applications, Akins wrote "Young Harris College" under the heading "primary beneficiary" on the left side of the vertical bar and "College Foundation" on the right side of the vertical bar under the designation "relationship to proposed annuitant." Other evidence shows, without dispute, that YHAF is known as the "College Foundation."

While we do not disagree that the face of the policies thus creates an ambiguity as to whether YHC or YHAF is the intended beneficiary, this ambiguity has been resolved by YHC's acknowledgment that the intended beneficiary is YHAF. In this regard, no material issue of fact exists, nor did it ever exist insofar as concerns Lake.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 1, 2007 —

*James T. Irvin*, for appellant.
*Sammie M. Mitchell*, for appellee.