A07A1916. STANTON et al. v. FISHER.
(659 SE2d 692)

BERNES, Judge.

This action involves the right to proceeds of an accidental death insurance policy paid into the registry of the court by the insurer. The deceased, Charles R. Evans, Sr., is the insured. Evans's estate and children, the appellants,[1] and Evans's ex-wife, the appellee,[2] all claim to be the beneficiaries entitled to the policy proceeds. The parties filed cross-motions for summary judgment. Granting summary judgment

[1] Appellants are Jeffery T. Stanton, Jr., temporary administrator of the estate of Charles R. Evans, Sr., Charles R. Evans, Jr., Eva Elizabeth Stanton, and Ana Marie Evans.

[2] Appellee is Barbara Connie Fisher, formerly Connie Evans as named in the beneficiary designation.

in appellee's favor, the trial court determined that there were no genuine issues of material fact and that appellee was the sole beneficiary under the policy as a matter of law. For the reasons discussed below, we affirm.

On appeal from the grant or denial of a motion for summary judgment, we review the evidence de novo. "To prevail on summary judgment, the moving party must show that there is no genuine issue of material fact and that the evidence, viewed in a light most favorable to the nonmoving party, warrants judgment as a matter of law." (Footnote omitted.) *Cantera v. American Heritage Life Ins. Co.*, 274 Ga. App. 307, 308 (617 SE2d 259) (2005).

So viewed, the record shows that Charles R. Evans, Sr., was married to Eva Marie Evans, but they divorced in 1998. During their marriage, they had three children: appellants Charles R. Evans, Jr., Eva Elizabeth Stanton, and Ana Marie Evans.

In 2003, Evans married appellee Barbara Connie Fisher. Evans thereafter applied for and obtained an accidental death and dismemberment insurance policy from the insurer Combined Insurance Company of America. Evans designated appellee as the beneficiary for the policy. Evans and appellee subsequently divorced in 2004.

On June 11, 2006, Evans died as a result of multiple traumatic injuries sustained in a motorcycle accident. Following Evans's death, appellants, through their counsel, wrote a letter to Combined seeking payment of the policy proceeds. Combined responded by noting that the policy's designated beneficiary was appellee and thus declined to issue payment to appellants. Appellants contended that after his divorce from appellee, Evans filled out and mailed to Combined change of beneficiary forms naming them as beneficiaries.

Faced with the conflicting claims, Combined filed the instant interpleader action seeking to deposit the policy proceeds into the court's registry for the court's determination of which party was entitled to the proceeds. Combined's request to deposit the funds into the court registry was granted, and Combined was discharged and released from liability.

The parties filed cross-motions for summary judgment in support of their respective claims of entitlement to the proceeds. Appellee relied upon the written beneficiary designation in the policy in support of her claim. Appellants submitted the affidavits of their mother and Evans's ex-wife, Eva Marie Bruce, and her husband, Michael Bruce, in support of their claim. Mrs. Bruce averred that prior to his death, Evans

> showed [her] a letter that he was sending to Combined . . . that . . . said that he was divorced and that he wanted to change the beneficiary to [their] three children. The children

were named in the letter. [Evans] was quite angry at his ex-wife, [appellee], because she had filed a contempt action against him. He stated that he wanted to make sure that she did not receive anything as beneficiary of any insurance policy.

Mrs. Bruce further averred that Evans told her that he mailed the beneficiary change notice a week or two after their initial conversation regarding the subject. Appellants did not produce a copy of the letter referred to in Mrs. Bruce's affidavit. In his affidavit, Michael Bruce averred that Evans was upset that appellee had filed a contempt action against him. He stated that he saw Evans show Mrs. Bruce some documents and heard him state that he wanted to change the beneficiaries to his children. In light of these submissions, the trial court granted summary judgment to appellee.

Georgia precedent establishes that

when an insured is authorized by the insurance policy to change the beneficiary during his life, and the insured dies without having exercised the authority, the named beneficiary has a vested interest in the proceeds of the policy. If, however, the insured has done substantially all that is required of him, or all that he is able to do, to effect a change of beneficiary, and all that remains to be done is ministerial action of the insurer, the change will take effect though the details are not completed before the death of the insured. Some affirmative act, however, on the part of the member to change the beneficiary is required; his mere intention will not suffice to work a change of beneficiary. . . . *Maxwell v. Britt*, 171 Ga. App. 230, 231 (2) (319 SE2d 88) (1984); see also *Mitchell v. Mitchell*, 126 Ga. App. 664 (191 SE2d 587) (1972) (full concurrence as to this issue).

*Hinkle v. Woolever*, 249 Ga. App. 249, 251-252 (547 SE2d 782) (2001). See also *Faircloth v. Coleman*, 211 Ga. 356, 359-361 (86 SE2d 107) (1955); *Lake v. Young Harris Alumni Foundation*, 283 Ga. App. 409, 410 (1) (641 SE2d 628) (2007).[3]

We conclude that appellants failed to present competent evidence showing that Evans substantially complied with the terms of the Combined policy concerning a change in beneficiary. Hearsay

---

[3] Appellants contend that the *Lake* decision is not controlling authority since it was not an interpleader action as in the instant case. Notwithstanding appellants' argument, *Lake* sets forth and applies the same established rule of law, but reaches a different outcome based upon the facts presented in that case. See *Lake*, 283 Ga. App. at 410-412 (1).

cannot be considered in support of a motion for summary judgment. *Harris-Jackson v. City of Cochran*, 287 Ga. App. 722, 724 (652 SE2d 607) (2007). We review a trial court's conclusion that certain evidence is hearsay and that no exception to the hearsay rule applies for an abuse of discretion. *Crawford v. Dammann*, 277 Ga. App. 442, 448 (2) (626 SE2d 632) (2006).

Here, the Combined policy authorized Evans to change the beneficiary during his lifetime "by giving Combined written notice satisfactory to Combined which is received by Combined at its home office during the [i]nsured's lifetime." Combined claimed that it had not received any notice from Evans to change the beneficiary. In an effort to show substantial compliance by Evans, Mrs. Bruce's affidavit attested that Evans showed her a letter he had written requesting a beneficiary change for the Combined policy and told her that he mailed it before he died.

Mrs. Bruce's statement in her affidavit that Evans told her that he mailed the letter is clearly hearsay and thus was inadmissible unless an exception to the hearsay rule applied. See OCGA § 24-3-1 (a); *Hardee's Food Systems v. Green*, 232 Ga. App. 864, 866 (1) (502 SE2d 738) (1998). Appellants have failed to point to any exception that would apply in this context, and we have found none. It follows that appellants failed to create a genuine issue of material fact over whether Evans did substantially all that he could do to effect a change of beneficiary. See *Lake*, 283 Ga. App. at 410-412 (1). The trial court therefore did not err in granting summary judgment in favor of appellee.

*Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED MARCH 13, 2008.

*Lane & Jarriel, Thomas F. Jarriel*, for appellants.
*Jones, Cork & Miller, Hubert C. Lovein, Jr., Elizabeth B. Baum*, for appellee.