REYNOLDS & HAMBY ESTATE MORTGAGE COMPANY LIMITED
*et al. v.* KINGSBERY *et al.*

SIMMONS, C. J. 1. At the interlocutory hearing of a petition for injunction demurrers to the petition can be considered only as showing cause why an interlocutory injunction should not be granted, and the judge can not, at chambers, before the appearance term, either overrule or sustain such demurrers. In the present case the demurrers were not such as to compel the refusal of the interlocutory injunction.

2. Under the petition and affidavits, the defendant in execution was not a trader within the meaning of the Civil Code, § 2721. The plaintiffs being unsecured creditors and their allegations and proof not coming up to the requirements of the Civil Code, §§ 2716–2721, the court erred in appointing a receiver to take charge of the debtor's property. The petition, however, contained grounds for equitable intervention outside of these sections, and it was therefore not error for the court to take jurisdiction.

3. Where in an equitable proceeding it is made to appear that a sheriff, by virtue of a mortgage fi. fa. and a general execution, both in favor of the same plaintiff and predicated upon the same cause of action, against an insolvent debtor, has levied upon and advertised for sale in bulk nearly 4,000 acres of land on which are situated five developed gold mines and two canals which supply water to the mines, constituting all of the debtor's property, and that if the land is sold in bulk it will not bring its real value and the unsecured creditors will be left without means of realizing on their claims, and that the land is so situated and laid off that it can and should be sold in lots or groups of lots, selling the different mines separately, without damage to the plaintiff in fi. fa. and to the benefit of the unsecured creditors, it is not error for the court, at the instance of such unsecured creditors, to enjoin the sheriff from selling as he proposes.

4. The facts of this case differ from those in *Reeves* v. *Bolles*, 95 *Ga.* 402. There the judgment debtor asked to have the sale by the sheriff enjoined until he could have the land surveyed and laid off in lots or parcels. Here creditors of the debtor apply for the injunction against the sheriff, and show that the land consists of different lots and groups of lots which had been laid off long prior to the date of the judgment, and that the sale in bulk would be detrimental to their interests, while a sale in parcels would not lessen the security of the plaintiff in fi. fa.

*Judgment in part affirmed and in part reversed. By five Justices.*

Argued June 1, — Decided June 30, 1903.

Injunction and receiver.    Before Judge Kimsey.    White superior court. April 17, 1903.

*I. L. Oakes* and *H. H. Perry,* for plaintiffs in error.

*G. S. Kytle, W. A. Charters, S. R. Atkinson,* and *H. H. Dean,* contra.