## BROWN *v.* DENNIS.

HOLDEN, J.    The plaintiff filed an equitable petition against a mutual benefit association and the sister of her deceased husband, making substantially the following allegations: Her husband obtained from the association a certificate therein, in which he voluntarily and without any

consideration named as beneficiary his sister, who never had any vested interest therein. The constitution of the association provided that the holder of a certificate could change the beneficiary without the consent of the beneficiary named in the certificate. After their marriage, the husband began efforts to have her made the beneficiary, and asked his sister for the certificate, who said she could not find it and thought she left it in Texas. For the purpose of obtaining a new certificate with the wife as beneficiary therein, the husband wrote the association, which sent an affidavit to be used for such purpose to its agent. The sister later delivered the certificate to the husband, who delivered it to the wife. The husband was a locomotive engineer, and because of his being on duty as such and being killed a few days after the certificate was secured from the sister and the affidavit returned, and because of the fault of the sister, he did not have the change made, to which the association was willing. An injunction was prayed against the association from paying, and the sister from receiving, the amount of the certificate, and for a decree awarding the sum due thereunder to the plaintiff. The association answered by paying the money into court and asking that the court decree to whom it belonged. The sister filed demurrers, general and special, and an answer. The court overruled the general demurrers and upon the hearing, upon the pleadings and the evidence introduced, granted an interlocutory injunction as prayed. *Held:*

(a) At the interlocutory hearing of a petition for injunction demurrers to the petition can be considered only as showing cause why an interlocutory injunction should not be granted, and the judge can not, at chambers, before the appearance term, either overrule or sustain such demurrers. *Reynolds &c. Co.* v. *Kingsbery,* 118 *Ga.* 254 (45 S. E. 235). In the present case the demurrers were not such as to compel the refusal of the interlocutory injunction. *Nally* v. *Nally,* 74 *Ga.* 669 (58 Am. R. 447).

(b) No error was committed by the court in overruling the objections of the plaintiff in error to the evidence offered by the defendant in error.

(c) Under the pleadings and the evidence, the court did not abuse its discretion in granting an interlocutory injunction.

*Judgment affirmed. All the Justices concur.*

Decided February 16, 1910.

Injunction. Before Judge Felton. Bibb superior court. June 9, 1909.

*Feagin & Urquhart,* for plaintiff in error.

*N. E. & W. A. Harris,* contra.