### 18825. FAIRCLOTH *v.* COLEMAN.

Argued January 11, 1955—Decided February 15, 1955.

*H. Dale Thompson,* for plaintiff in error.

*E. L. Stephens, Sr., E. L. Stephens, Jr.,* contra.

MOBLEY, Justice. In *Barrett* v. *Barrett,* 173 *Ga.* 375 (160 S. E. 399, 78 A. L. R. 962), this court dealt with a situation very similar to that here, and held that, where the insured did substantially all that was required of him under the terms of the policy to change the benficiary, as shown by written requests and agreements executed on the forms prepared by the insurance company, and transmitted them to the insurance company, and where excuse was furnished for not sending in the policy for endorsement, the application of equitable principles was required and was sufficient compliance to effect a change of beneficiary. The court at p. 385 in that decision quoted and discussed several applicable decisions as follows: "In *Baldwin* v. *Wheat,* 170 *Ga.* 449 (153 S. E. 194), this court, through Justice Hines, said: 'Regulations of the association which provide the method for the change of the beneficiary must be complied with by the insured, to effect such change; and failure to comply with such regulations will make the attempt by the insured to change the beneficiary ineffectual. However, such regulations are made solely for the benefit and protection of the association; and where the association pays the fund into court, under an agreement that one of the claimants must file an equitable proceeding against the other to determine their rights thereto, the court may award the fund on equitable principles, and without regard to the technical defenses open to the association under regulations made by it for the change of such beneficiary. Between the adverse claimants such regulations, in a court of equity, have no effect except to aid and ascertain the intention of the insured.' In *Dell* v. *Varnedoe,* 148 *Ga.* 91 (95 S. E. 977), it was said: 'The authorities are not in harmony upon the point whether such an association by paying the money into court waives its right to object to the designated beneficiary as ineligible to claim as such; but this court appears to have adopted the rule that the payment of the fund into court, with the statement that the company stands indifferently between the parties, is a waiver of all defenses open

to it under regulations made solely for its benefit. In such a case it is said that the equities of the contestants will be compared. *Mitchell* v. *Langley*, 143 *Ga.* 827, 832-33, (85 S. E. 1050, L. R. A. 1916C, 1134, Ann. Cas. 1917A, 469); *Royal Arcanum* v. *Riley*, 143 *Ga.* 75 (84 S. E. 428). There are cases in other jurisdictions holding to the contrary; but in the well-considered opinion in *Nally* v. *Nally*, 74 *Ga.* 669 (58 Am. R. 458), by Hall, J., based upon principle rather than upon precedent, where the association stood indifferently between the parties, as in this case, this court applied the doctrine of equitable relief as between the claimants to the fund, considering that as done by the insured member which ought to be done.' "

This case is distinguishable from *Smith* v. *Locomotive Engineers &c. Ins. Assn.*, 138 *Ga.* 717 (76 S. E. 44), and *Loyd* v. *Loyd*, 203 *Ga.* 775 (48 S. E. 2d 365), because in each of those cases the insured made no effort to have the beneficiary changed. This court in the *Loyd* case, supra, at p. 781, quoted with approval this statement from the *Smith* case, supra: "If, however, the insured has done substantially all that is required of him, or all that he is able to do, to effect a change of beneficiary, and all that remains to be done is ministerial action of the association, the change will take effect though the details are not completed before the death of the insured. Ib. [Cooley's Brief on Insurance] 3769; *Nally* v. *Nally*, 74 *Ga.* 669 (58 Am. R. 458); *Brown* v. *Dennis*, 133 *Ga.* 791 (66 S. E. 1080); *Brown* v. *Dennis*, 136 *Ga.* 300 (71 S. E. 421). Some affirmative act, however, on the part of the member to change the beneficiary is required; his mere intention will not suffice to work a change of beneficiary."

Under the above authorities, a mere intention to change the beneficiary without some overt act in that direction is not sufficient even in a court of equity, because the insured may have never actually intended to make the change, although he had expressed such intention, whereas, when he makes the effort to make the change and does substantially all he can to do so, his intention is established; and, as stated in *Barrett* v. *Barrett*, 177 *Ga.* 190, 192 (170 S. E. 70): "An equitable principle applicable in this case is contained in the maxim that equity regards as done that which ought to be done; and in 37 C. J. 585, we find the principle stated: 'On the principle that equity regards as

done that which ought to be done, the courts will give effect to the intention of the insured by holding that the change of beneficiary has been accomplished where he has done all that he could to comply with the provisions of the policy, as where he sent a proper written notice or request to the home office of the company but was unable to send the policy by reason of circumstances beyond his control, as where it has been lost, or was in possession of another person who refused to surrender it, or was otherwise inaccessible.' "

Since the insured did substantially all he could to change the beneficiary, and applying the above principles to the undisputed facts in this case, the court did not err in directing a verdict for the defendant in error upon the ground that there had been substantial compliance by the insured to change the beneficiary from his wife to his mother.

In view of the above ruling, it is not necessary to determine whether the facility-payment provision of the policy required payment to the defendant in error because of payment by her of hospital and funeral expenses of the insured.

*Judgment affirmed. All the Justices concur.*