26974. WILLIAMS v. NUCKOLLS et al.

ARGUED MARCH 15, 1972—DECIDED APRIL 20, 1972.

*G. Gibson Dean, II, Joseph E. Cheeley,* for appellant.

*Robinson, Buice, Harben & Strickland, Emory F. Robinson,* for appellees.

GRICE, Presiding Justice. This is the fourth in a series of

suits concerning title to certain land. Sandra Nuckolls Williams, Betty Nuckolls Williams and their father Truman N. Nuckolls filed the instant complaint in the Superior Court of Gwinnett County against Nellie M. Nuckolls, Cecil Merritt, J. C. Merritt, Mary Frances Youngblood, Ruby Dean Merritt Crider, Martrell Wood, Weldon Merritt, Tommie Merritt and Jane M. McGowan.

The first suit (Case No. 3062, Forsyth Superior Court) was instituted by Ida F. Merritt as administratrix of the estate of Luther L. Merritt, seeking specific performance of an alleged oral contract to convey 380 acres of land located in Forsyth County, against Julia Merritt (the last life tenant under will of Lawrence C. Merritt) and Ruby Dean Merritt, a remainderman. In that action the superior court vested fee simple title to the land in the estate of Luther C. Merritt on November 26, 1958.

The second action was a year's support proceeding filed on March 23, 1959, by Ida F. Merritt as widow of Luther L. Merritt, in the Court of Ordinary of Forsyth County. In May, 1959, the ordinary set aside for Ida Merritt, the land which the superior court had vested in the estate of Luther L. Merritt in the first suit, as aforesaid.

The third suit (Case No. 5057) was filed in July, 1959, by Truman Nuckolls, as next friend of Sandra and Betty Nuckolls, in Forsyth Superior Court against Ida F. Merritt, seeking to reform the title of Ida Merritt and praying that she be decreed to have a mere life estate in the property in accordance with the terms of the will of Lawrence C. Merritt. This court reversed in *Nuckolls v. Merritt,* 216 Ga. 35 (114 SE2d 427). However, upon retrial on July 26, 1960, a verdict was directed for Ida Merritt and title to the land involved was adjudged to be vested in her in fee simple by virtue of the judgment awarding her a year's support in May, 1959, following the decree in Case No. 3062, as aforesaid.

More than ten years later, on January 30, 1971, the fourth suit, the present case, was filed.

The complaint here alleged in substance as follows: 1. That the plaintiffs own a contingent remainder interest in the property involved here under Paragraph XI of the will of Lawrence C. Merritt, deceased, copy attached to the complaint. 2. That the defendants are the sole heirs at law of Ida F. Merritt and claim title to this land as such by virtue of a deed from her to J. C. Merritt et al., copy also attached. 3. That these plaintiffs were not parties to the first suit (Case No. 3062) as originally filed in the Superior Court of Forsyth County, wherein a parol contract between Lawrence Merritt and Luther Merritt to convey this land to the latter was enforced, thereby terminating the plaintiffs' contingent remainder interest in such property by court order. 4. That on the same day the order in the first case was entered the court appointed Truman N. Nuckolls as guardian ad litem of Sandra and Betty Nuckolls and named the minor girls as parties defendant in such action; but that Truman Nuckolls was never a party to said action; that no consideration or benefit for the termination of such interest was received; and that the order was entered without the plaintiffs ever having answered the petition or their unborn remaindermen being made parties defendant. 5. That appointment of the guardian ad litem was in such close sequence with the order of the court he was precluded from fulfilling his statutory and equitable duties as to his wards.

The prayers were that the judgment in Case No. 3062 (the first case), the order of the court of ordinary (the second proceeding), the final judgment in Case No. 5057 (the third suit), and the deed from Ida F. Merritt be declared null and void and set aside; and that the defendants be enjoined from selling, transferring, or encumbering the land.

Defensive pleadings were filed on behalf of the defendants Cecil Merritt, J. C. Merritt, Mary Frances Youngblood, Ruby Dean Merritt Crider, Martrell Wood and Weldon Merritt only, grantees in the deed from Ida F. Merritt, urging the defense of failure to state a claim, pleas to the jurisdic-

tion of the Superior Court of Gwinnett County and res judicata, and an answer.

A counterclaim against the plaintiffs was asserted for attorney's fees, and a cross claim against a co-defendant, Nellie Nuckolls, for attorney's fees, although there was no service on the latter.

The above defendants subsequently filed a motion for summary judgment, attaching copies of the pleadings and judgments in the two suits in Forsyth Superior Court and the year's support proceedings in the Forsyth Court of Ordinary, on substantially the following grounds: (1) that the complaint failed to state a claim upon which relief can be granted; (2) that there was no genuine issue of material fact and the defendants are entitled to a judgment as a matter of law; (3) that the complaint was one respecting title to land and only the Superior Court of Forsyth County had jurisdiction; (4) that the issues presented had previously been litigated to judgment adverse to plaintiffs and none of these have been appealed and are binding; (5) that the plaintiffs were estopped by judgment and laches; and (6) that the plaintiffs were seeking to set aside judgments by collateral attack.

No response to the motion for summary judgment was filed by the plaintiffs.

Upon the hearing the trial court granted the motion for summary judgment in favor of the movants, holding that the previous judgments were valid and binding against the plaintiffs and they were not entitled to recover.

The complaint was dismissed.

The court also held that this was not such a case respecting title to land as to require it to be brought in Forsyth County where the land is situated, citing *Owenby v. Stancil,* 190 Ga. 50 (8 SE2d 7); but that the plaintiffs' entire case was dependent upon whether or not the judgment and decree of the Superior Court of Forsyth County rendered in the first case (No. 3062) on November 26, 1958, was void.

The appellants contend in their enumeration of errors as follows:

1. That the trial court erred in granting the appellees' motion for summary judgment and holding that the minor defendants in the first case were properly served.

2. That the court erred in granting the appellees' motion for summary judgment when there were genuine issues of material fact as to whether (a) the minor defendants in the above case were deprived of their property without benefit or consideration; or (b) their guardian ad litem had sufficient time to fulfill his duties and protect their rights and interests.

3. That the effect of the motion for summary judgment was to allow the appellants to be deprived of their property without due process of law.

4. That the court erred in granting the motion for summary judgment because (a) the order of the Forsyth Superior Court in Case No. 3062 (the first suit) was void ab initio in that the petition as amended did not set out a cause of action to support the decree; and (b) the year's support decree and decree of the court in Case No. 5057 of Forsyth Superior Court were founded upon void decrees and therefore void.

We do not agree.

Under the view we take of this case it is not necessary to rule upon all of the appellants' contentions.

As we view it, the Superior Court of Gwinnett County had no jurisdiction of an action to set aside the two judgments of the Superior Court of Forsyth County or the decree of the Court of Ordinary of that county.

This is because of the invalidity of the appellants' contention that the judgments were void since no proper service was had of the minor children in Case No. 3062. The record here is silent as to whether or not the children were served. While service is not shown, neither is it shown that they were not served.

In such a case the rule is "that in the absence of proof showing a failure to serve the parties interested in the proceeding, the presumption would be that every one to be affected thereby was properly before the court, else the

order would not have been passed." *Wagnon v. Pease,* 104 Ga. 417, 425 (30 SE 895); *Reinhart v. Blackshear,* 105 Ga. 799 (2a) (31 SE 748) (one Justice absent). See also, *Morehead v. Allen,* 127 Ga. 510, 516 (56 SE 745) (one Justice absent); *Taliaferro v. Calhoun,* 137 Ga. 417 (73 SE 675) (by four Justices).

Moreover, the trial judge here made a judicial determination that there was service. We find no error in the grant of the appellees' motion for summary judgment as to this feature.

It follows that since neither the judgments of the Superior Court nor that of the Court of Ordinary of Forsyth County show on their faces that they are void, they could not be attacked in the Superior Court of Gwinnett County.

*Code* § 110-701 provides that "A void judgment may be attacked in any court and by any person. In all other cases judgments may not be impeached collaterally, but must be set aside by the court rendering them." See also, *Code* §§ 110-702, 110-703, 110-708, 110-710 and 110-501.

Also, "The superior court is a court of general jurisdiction; and having exercised jurisdiction and rendered judgment, we must presume that all necessary jurisdictional facts appeared. The judgment of the court imports verity, and is not open to collateral attack in another court. [Cits.]" *Schulze v. Schulze,* 149 Ga. 532, 534 (101 SE 183).

In *Kaiser v. Kaiser,* 178 Ga. 355 (2) (173 SE 688), this court held that the judgment of the court of ordinary there considered was not void "because its invalidity cannot appear without an inquiry into facts, an inquiry which the court itself must be presumed to have made, and which therefore will not be permitted to be reviewed collaterally."

The appellants in seeking to enjoin the sale or encumbrance of the property involved here are actually attempting to set aside the judgments adverse to them rendered by the Forsyth Superior Court and by the Court of Ordinary of that county. This renders the attacks upon them collateral; and since the judgments are not void on their faces, only the Superior Court of Forsyth County could entertain juris-

diction of a proceeding to set them aside.

For this reason alone the grant of the motion for summary judgment was proper. Therefore the appellants' other contentions need not be considered.

*Judgment affirmed. All the Justices concur.*