## 47002. MITCHELL et al. v. MITCHELL.

BELL, Chief Judge. This is an appeal from the direction of a verdict in favor of the appellee in a case involving a contest over the proceeds of a life insurance policy. The insured had a life insurance policy issued by the Coastal States Life Insurance Company. The policy named the appellee as beneficiary. It appears without dispute that on June 4, 1970, the insured while hospitalized with terminal cancer executed the change of beneficiary form on the company's standard form by which he changed the beneficiary from the appellee to his two sons, the appellants. The change of beneficiary form was held by the insured's mother until after the death. The policy contains the following provision concerning changing of beneficiary: "The person having control of this policy may change any beneficiary . . . with the consent of the company at any time while this policy is in force by filing written notice at the home office of the company on a form satisfactory to the company and accompanied by this policy for endorsement . . ." *Held:*

It is undisputed that the change of beneficiary form was executed by the insured. It is also undisputed that the form was never filed with the company until after the insured's death. The policy provisions concerning the method of change of beneficiary are made solely for the benefit of the insurance company and where, as in this case, it pays the funds into court and stands indifferently between the respective claimants to the fund, the provisions as between adverse claimants have no effect except to aid and ascertain the intention of the insured. *Baldwin v.*

*Wheat,* 170 Ga. 449 (153 SE 194). A mere intention to change the beneficiary without some overt act in that direction is not sufficient, but where an insured does substantially all he is able to do to effect a change his intention is established. *Faircloth v. Coleman,* 211 Ga. 356 (86 SE2d 107). And see *Thurmond v. Spoon,* 125 Ga. App. 811 (189 SE2d 82). Here the insured was confined in a hospital with terminal cancer. He completed the change of beneficiary form prior to his death and delivered it to his mother—overt acts. This is evidence that he did all that he could do. The fact that the beneficiary form was not filed with the company prior to his death but was held by his mother until after death is another circumstance that goes to the question of his intent to change the beneficiary. Under these facts this becomes an issue that must be resolved by a jury. It was error to direct a verdict in favor of the appellee.

*Judgment reversed. Eberhardt, P. J., concurs. Evans, J., concurs and concurs specially.*

ARGUED MARCH 7, 1972—DECIDED JUNE 22, 1972— REHEARING DENIED JULY 12, 1972.

*G. Hughel Harrison,* for appellants.

*Glyndon C. Pruitt, James R. Venable,* for appellee.

EVANS, Judge, concurring specially. I concur in the majority opinion which orders a jury trial in this case. But the issues of fact to be submitted to the jury for determination are not spelled out sufficiently for the guidance of the trial court when this case is tried therein.

One of the issues is whether the insured *intended* to change the beneficiary. Another issue is whether the insured had control of the policy on the date of the purported execution of the "change of beneficiary form." The language of the policy clearly makes this a requirement for changing the beneficiary as is pointed out in the opinion in this case, to wit: "The person having control of this policy may change any beneficiary . . ." On that date, June 4, 1970,

had the insured already surrendered control of the policy to Mrs. Virginia K. Mitchell, and if so, did she ever willingly and knowingly return possession to the insured? And even though the insured was ill, he was required to do whatever his mental and physical capabilities enabled him to do towards compliance with the provisions of the policy of insurance as to "change of beneficiary"—one such requirement being that "written notice" (the executed form for change of policy) be filed at the home office of the company. It appears from the record that this form was not filed until July 27, 1970—three days after the insured's death. The law required the insured to do all he was substantially able to do to effect a change. *Faircloth v. Coleman,* 211 Ga. 356 (86 SE2d 107). Was filing of the form withheld because of the wishes or directions of insured, and if not, why was it not filed until after insured's death? All of these are questions to be resolved by the jury.