28573. PRUDENTIAL INSURANCE COMPANY OF
AMERICA v. HOWE et al.

JORDAN, Justice.

This case is here on certiorari to the Court of Appeals.

The parents of William E. Howe, Jr., filed suit in Bibb Superior Court against the Prudential Insurance Company of America seeking double indemnity accidental death benefits under a policy of insurance issued upon the life of their son in which they were named as beneficiaries. The insurance company paid the face amount of the policy but refused to pay double indemnity, denying that the insured's death resulted from accidental bodily injury as defined in the policy because the policy specifically excepted from accidental death benefits injury or death resulting "from travel or flight in or descent from any kind of aircraft. . ." The parties entered into a stipulation as to all material facts which show that Howe was a radar technician on duty aboard a U. S. Air Force plane which developed engine trouble and made an

emergency landing in the Atlantic Ocean at 10:20 p.m. on July 11, 1965; that the plane broke apart on impact and Howe and three other airmen escaped, wearing survival suits which they had donned prior to impact; that the men stayed together and all were alive at 4:30 a.m. the next morning; that Howe and one of the other airmen were dead by 5:30 a.m.; that their bodies and the two survivors were recovered by a vessel at 8:30 a.m.; and that the cause of Howe's death as shown by the autopsy was "asphyxia due to drowning, overexposure."

Both parties filed motions for summary judgment. After hearing and argument the trial court denied plaintiff's motion for summary judgment and granted the insurance company's motion for summary judgment. On appeal, the Court of Appeals reversed the grant of the summary judgment. See *Howe v. Prudential Ins. Co.*, 130 Ga. App. 107 (202 SE2d 669). We granted certiorari to review that decision. *Held:*

1. The grant of the application for certiorari in this case, not usual in actions turning on factual situations, was based on the view that the Court of Appeals applied certain theories of law based on an erroneous assumption arising from the stipulated and undisputed facts. The body of the opinion, as well as the headnote, makes it clear that the decision is bottomed on the assumption that the insured "left the plane uninjured," that the flight had terminated "without injury to the insured," and that the insured came to "rest unharmed." We perceive such factual assumptions to be erroneous and unwarranted. As we view the stipulated facts, the conclusion is demanded that the deceased suffered injuries in the crash of the plane.

The stipulated facts show that as the men were floating in the water "Airman Howe complained of injuries to his leg and a slight bruise to his forehead" and that "Airman Puopulo allowed Airman Howe to wrap his legs around Puopulo's torso since it was more comfortable for him when his leg was in a horizontal position." Since the Court of Appeals held that the exclusionary clause did not apply where the insured "left the plane uninjured," we must assume that a contrary holding would have resulted had the proper conclusion (i.e., that

the insured suffered injuries) been drawn from the agreed statement of facts.

We need not repeat a discussion of the cases from other jurisdictions dealing with similar factual situations since they have been cited and commented upon in the Court of Appeals opinion. Suffice it to say that most jurisdictions have reached the conclusion we reach here. Especially persuasive, though not binding, is the case of Howard v. Equitable Life Assur. Soc. (Mass.), 274 N. E. 2d 819, in which the Supreme Judicial Court of Massachusetts held that the exclusionary clause in the life policy was applicable and precluded recovery of accidental death benefits by the beneficiaries of Airman Howard, the other airman who died along with Airman Howe before rescue. The policy language in Howard was almost identical to the language in this policy and the autopsy showed the same cause of death, "asphyxia due to drowning; overexposure." This result was reached by the Massachusetts Court though Howard admittedly received no injuries from the crash itself. The court concluded that the "crash of the airplane was the legal cause of the insured's death." The opinion quoted from Order of United Commercial Travelers v. King, 161 F2d 108 (4th Cir.) as follows: "The exclusion clause clearly comprehends the very situation that here developed. Any other conclusion must ignore the plain meaning and presence of the word 'resulting.' In undertaking an aerial flight over the ocean in a land-based plane, man must reckon with the perils of the sea. . . That men may remain alive for varying periods of time before succumbing does not change the picture. We think it a rather violent fiction to say that death, under such circumstances, comes from accidental drowning."

2. Other language in the opinion the Court of Appeals indicates that the ruling might be the same even should injuries result from the crash itself, the law of proximate cause becoming applicable only where death "occurred more or less instantaneously after the descent" (p. 109) and that under these facts (survival for six or seven hours) "the death here is too remote from either the travel or the descent to be a part of it." P. 111. A person could be severely and mortally injured in a crash,

but remarkably survive many hours or days. Under such circumstances it could not be held as a matter of law that the passage of time alone, however extended, would break the chain of causation between the crash and the resulting death.

For the reasons stated above we hold that the Court of Appeals erred in reversing the trial court's grant of a summary judgment in favor of the petitioner.

*Judgment reversed. All the Justices concur.*

ARGUED JANUARY 15, 1974 — DECIDED MARCH 7, 1974 — REHEARING DENIED MARCH 21, 1974.

*Jones, Cork, Miller & Benton, Carr G. Dodson,* for appellant.

*J. Sewell Elliott, E. Gantt Williams, Jr.,* for appellees.