## 67958. MAXWELL v. BRITT.

CARLEY, Judge.

Appellant is the administrator of the estate of David Franklin Maxwell, deceased, who was insured under a life insurance policy offered through his employer. The named beneficiary of the policy was Debbie B. Maxwell, now Debbie Anita Britt, appellee herein, who was the wife of the insured at the time the policy was procured. After the policy was issued, Maxwell and appellee were divorced. They entered into a property settlement agreement which made no mention of the life insurance policy. When Maxwell died, both appellant and appellee made claim to the policy proceeds. The insurer filed an interpleader action. On cross motions for summary judgment, the trial court ruled that appellee, as the named beneficiary, was entitled to the proceeds. Appellant appeals, enumerating as error the denial of his motion for summary judgment, and the granting of the motion of appellee.

1. Appellant first asserts that appellee waived any interest she may have had in the insurance proceeds by virtue of her execution of a property settlement agreement when she and Maxwell divorced. That agreement included a general release of all claims.

In *Pate v. C. & S. Nat. Bank,* 203 Ga. 442 (47 SE2d 277) (1948), it was held that the terms of a settlement agreement similar to the one currently in issue, pursuant to which a wife released all claims, did not affect the right of the wife as beneficiary of a life insurance policy. That case is dispositive of this issue in the instant case. The trial court did not err in finding that appellee's claim to the insurance proceeds was not precluded by the execution of the marriage settlement agreement.

2. The terms of the insurance policy provided that the insured could change the designated beneficiary by written notice given to his employer and entered in the insurance records. It is undisputed that Maxwell, the insured, never gave such notice. Appellant contends, however, that Maxwell nonetheless effected a change of beneficiary. In support of this contention, appellant submitted the affidavit of the employee of the deceased's employer who was charged with responsibilities relating to insurance matters. That employee swore that the insured had informed her of his desire to change the beneficiary designated in his policy.

"When an insured is authorized by the insurance policy to change the beneficiary during his life, and the insured dies without having exercised the authority, the named beneficiary has a vested interest in the proceeds of the policy. [Cit.] ' "If, however, the insured has done substantially all that is required of him, or all that he is able to do, to effect a change of beneficiary, and all that remains to be done is ministerial action of the [insurer], the change will take effect though the details are not completed before the death of the insured. [Cits.] Some affirmative act, however, on the part of the member to change the beneficiary is required; his mere intention will not suffice to work a change of beneficiary." ' [Cit.]" *Belote v. Belote,* 167 Ga. App. 8, 9 (306 SE2d 24) (1983).

In the case at bar, although the insured expressed an intention to change the designated beneficiary, he did not take any affirmative action to accomplish that desire. He never executed any document to effectuate, nor did he make any other attempt to comply with, the procedure set forth in the policy. Thus, the insured did not do substantially all that was required of him, or all that he could do, to effect a change. Compare *Mitchell v. Mitchell,* 126 Ga. App. 664 (191 SE2d 587) (1972); *Faircloth v. Coleman,* 211 Ga. 356 (86 SE2d 107) (1955); *Barrett v. Barrett,* 177 Ga. 190 (170 SE 70) (1933). His mere expression of intention was insufficient for that purpose. *West v. Pollard,* 202 Ga. 549 (43 SE2d 509) (1947).

Moreover, under the circumstances of the instant case, the requirement of written notice was not a mere technicality or ministerial act which could be waived by the insurer to the detriment of the named beneficiary. Compare *Jackson v. Leonard,* 169 Ga. 324 (150 SE 152) (1929). "We think that lawful contracts are still binding upon the parties, and that courts should uphold them unless the conduct of the contracting parties has been such that in equity and good conscience they have forfeited their rights thereunder. Courts take long risks of doing an injustice when by judgment they allow mere verbal statements to nullify written documents, by substituting the unwritten for the written contract." *Loyd v. Loyd,* 203 Ga. 775, 782 (48 SE2d 365) (1948). The trial court did not err in finding that no

change of beneficiary had been effected.

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

DECIDED JUNE 18, 1984.

*J. Dudley McClain, Jr.*, for appellant.
*Robert E. Hughes*, for appellee.