S05A1911. WESTMORELAND v. WESTMORELAND et al.
(622 SE2d 328)

THOMPSON, Justice.

Charles Westmoreland was an employee of the City of Rome. As a city employee, he was enrolled in several benefits packages, including the Georgia Municipal Employees Benefit System Retirement Plan. Charles married Brenda Lynn Westmoreland on January 16, 1988. During the marriage, a child, Allie Nicole Westmoreland, was born. Charles designated Allie Nicole the pre-retirement beneficiary for his retirement plan and other employment-related benefits. Charles and Brenda were divorced on October 30, 2000, and during the divorce proceedings it was established that Charles was not Allie Nicole's biological father.

On January 8, 2001, Charles went to the city's human resource department and told a human resource employee that he wanted to change the beneficiary on all his employment-related benefits from Allie Nicole to his brother, James Westmoreland. He requested all documents that required changing, and he signed three documents on which he indicated his desire to change the beneficiary for three of his benefits. However, he was not presented with a form to change the beneficiary for his retirement plan. Charles died on March 16, 2001,

while employed by the city. When it was discovered that the change of beneficiary form for Charles' retirement plan was never executed, both Allie Nicole and James claimed to be the beneficiary. At that point, the city, along with the Georgia Municipal Employees Benefits Association, filed an interpleader action.

After an evidentiary hearing, the superior court found benefits from the retirement plan should be paid to James, reasoning that Charles' intent to change the beneficiary should not be subverted simply because the human resources office employee failed to give Charles the change of beneficiary form for that plan. We agree and affirm.

The City of Rome Retirement Handbook states that an employee may change the beneficiary for his retirement benefit at any time prior to retirement by giving written notice to the pension committee secretary. It is undisputed that Charles never specifically requested, completed, or signed the form necessary to change his beneficiary under the plan. Nor did the pension committee secretary ever receive written notice that Charles wished to change his beneficiary on this plan.

However, Charles went to the city's human resources department, stated he wanted to change the beneficiary on all of his benefits, asked for the forms to do so, and then completed all forms given to him. The only reason he did not complete the form relating to the plan at issue is because the human resources employee mistakenly never gave it to him.

Regulations of a benefit association which provide the method of change of beneficiary must be complied with to make the change effectual. See *Faircloth v. Coleman*, 211 Ga. 356, 359 (86 SE2d 107) (1955). However, these regulations are made solely for the benefit and protection of the association. Id. Thus, where the association stands indifferently as to the parties in an interpleader action, these regulations merely serve as an indication of the possible intent of the insured, and the court is permitted to use its equitable powers to determine which claimant should receive the benefit. See id. at 359-360; *Baldwin v. Wheat*, 170 Ga. 449 (2) (153 SE 194) (1930); *Mitchell v. Mitchell*, 126 Ga. App. 664 (191 SE2d 587) (1972).

Mere expression of intent to change a beneficiary without some overt act is not sufficient to effectuate such a change. See *Faircloth*, supra at 360; *Maxwell v. Britt*, 171 Ga. App. 230 (2) (319 SE2d 88) (1984). "If, however, the insured has done substantially all that is required of him, or all that he is able to do, to effect a change of beneficiary, and all that remains to be done is a ministerial action of the association, the change will take effect though the details are not completed before the death of the insured." (Punctuation omitted.) *Smith v. Locomotive Engineers Mut. Life &c. Ins. Assn.*, 138 Ga. 717

(76 SE 44) (1912). See also *Faircloth*, supra at 360; *Baldwin*, supra at 449 (2); *Hinkle v. Woolever*, 249 Ga. App. 249, 251-252 (547 SE2d 782) (2001); *Maxwell*, supra at 230 (2); *Belote v. Belote*, 167 Ga. App. 8 (1) (306 SE2d 24) (1983); *Mitchell*, supra at 665. That is because "[e]quity considers that done which ought to be done and directs its relief accordingly." OCGA § 23-1-8.

Charles performed an overt act by going to the city's human resource department and requesting the forms necessary to change the beneficiary. He actually succeeded in changing the beneficiary for all benefits for which he was given the proper forms. Thus, Charles did substantially all that he could do to effectuate a change of the beneficiary on his retirement plan from Allie Nicole to James. Compare *Maxwell*, supra at 230 (2) (decedent merely expressed desire to change beneficiary). But for the mistake of the human resources employee Charles would have been in complete compliance with the requirements to change the beneficiary. It follows that the superior court did not err in invoking its equitable powers and directing that Charles' retirement benefits be paid to James.

*Judgment affirmed. All the Justices concur.*

CARLEY, Justice, concurring.

I concur fully in affirmance of the judgment of the trial court, and write separately only to reiterate that, as the majority recognizes, *Faircloth v. Coleman*, 211 Ga. 356 (86 SE2d 107) (1955) clearly mandates our conclusion in this case. Since the City does not dispute that the retirement benefits are payable and does not take a position as to which claimant should receive them, Mr. Westmoreland's failure to make a written request for a change of beneficiaries is not controlling. " ' "In such a case . . . the equities of the contestants will be compared. [Cits.]" ' " *Faircloth v. Coleman*, supra at 360. If the evidence showed that Mr. Westmoreland expressed " 'his mere intention[, that would] not suffice to work a change of beneficiary.' " *Faircloth v. Coleman*, supra. However, he did more, and actually undertook to change the beneficiary of all his various employment-related benefits from the child to his brother. He was not able fully to achieve that objective because the City did not provide him with the requisite form for changing the beneficiary of his retirement benefits. Where, as here, the employee

> makes the effort to make the change and does substantially all he can to do so, his intention is established. . . . "An equitable principle applicable in this case is contained in the maxim that equity regards as done that which ought to be done . . . ."

*Faircloth v. Coleman*, supra. "Since [Mr. Westmoreland] did substantially all he could to change the beneficiary, and applying the above principles to the undisputed facts in this case, the [trial] court did not err in" awarding the benefits to his brother. *Faircloth v. Coleman*, supra at 361.

DECIDED NOVEMBER 21, 2005.

*Douglas D. Slade, Sr.*, for appellant.
*Burkhalter, Pierce & Marion, Albert F. Burkhalter, Jr.*, for appellees.