**FIFTH DIVISION**
**PHIPPS, P. J.,**
**DILLARD and PETERSON, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**June 22, 2016**

# In the Court of Appeals of Georgia

A16A0398. SHOENTHAL et al. v. SHOENTHAL et al.                  PE-016

PETERSON, Judge.

Rachel and Rebecca Shoenthal (collectively, "Plaintiffs"), daughters of the late Judge Elliot Shoenthal, filed a complaint against the DeKalb County Employees Retirement System Pension Board, members of the Board (collectively, "the Board"), and Fran Shoenthal, alleging that the Board wrongfully disbursed and Fran improperly claimed their deceased father's entire pension benefits when their father had designated that benefits be paid to them. The trial court granted the Board's and Fran's motions for judgment on the pleadings on the ground that Judge Shoenthal did not provide notice to the Board of a change in beneficiaries. On appeal, Plaintiffs argue that the trial court erred (1) by interpreting the DeKalb County Pension Code (the "Pension Code") to require an employee personally to provide notice of the

change in beneficiaries; (2) by failing to use its equitable powers to effectuate Judge Shoenthal's expressed intent to change beneficiaries; (3) by failing to consider the merits of their individual claims; and (4) by considering matters outside the pleadings. We affirm because the trial court correctly determined that Judge Shoenthal did not provide written notice to the Board as required by the Pension Code, and thus did not effectuate the change in beneficiaries upon which Plaintiffs' claims rest.

"A motion for judgment on the pleadings should be granted only if the moving party is clearly entitled to judgment." *Trop, Inc. v. City of Brookhaven*, 296 Ga. 85, 87 (764 SE2d 398) (2014) (citation and punctuation omitted). On appeal, we construe the pleadings in the light most favorable to the appellants, drawing all reasonable inferences in their favor. *Alexander v. Wachovia Bank, N. A.*, 305 Ga. App. 641, 641 (700 SE2d 640) (2010). All allegations of the moving party that have been denied are taken as false, while all well-pleaded material allegations of the opposing party's pleadings are taken as true. *Id.*

So viewed, the pleadings show that Judge Shoenthal was married to Fran, and they had two daughters, the plaintiffs. Judge Shoenthal was employed by DeKalb

2

County from July 1998 until he died on December 1, 2013, as a result of complications from a back surgery he had on November 27, 2013.

On October 25, 2013, about a month before his scheduled surgery, Judge Shoenthal changed the beneficiaries on employer-provided life insurance policies by reducing Fran's share of the benefit from 100 percent to 50 percent and designating that each of the Plaintiffs receive 25 percent of the benefit. On the morning of November 18, 2013, Judge Shoenthal emailed the clerk of the Board, inquiring about changing the beneficiaries on his pension plan. Specifically, Judge Shoenthal asked, "[w]hat happens to my pension if I die – does it go to my wife? Can I split it between my wife and my children? Second, if I'm able to split it, what do I need to do to modify the beneficiary?" The clerk responded on November 20, 2013, informing Judge Shoenthal that he could change designated beneficiaries by completing a form available on a county website. Judge Shoenthal replied that he would complete a new beneficiary form.

That same month, Judge Shoenthal told his sister that he had revised his will to reflect his "intention to leave everything to [Plaintiffs] and little to nothing to Fran." At a November 23 lunch, Judge Shoenthal told his sister that he was in the process of changing the beneficiary designation for his pension. On November 25,

2013, Judge Shoenthal completed and signed the change-of-beneficiary form, designating the Plaintiffs as the sole beneficiaries. Judge Shoenthal also handwrote, "I want each of my children to receive 50% of my pension." Attached to the change-of-beneficiary form was a Post-It note containing the Board's address. Judge Shoenthal placed the form on or in his desk. Over the next two days, Judge Shoenthal worked in his office and handled repairs to his car.

Judge Shoenthal had surgery on November 27, was released from the hospital the next day, and died from an embolism on December 1, 2013. Judge Shoenthal never mailed or delivered the change-of-beneficiary form.

Around the time Judge Shoenthal was released from the hospital, Fran discovered that he had changed or intended to change the beneficiaries on his pension plan. About a week after Judge Shoenthal's death, Fran submitted an application to receive Judge Shoenthal's pension benefits. Later that month, the change-of-beneficiary form was found on or in Judge Shoenthal's desk, and Fran was told about it. On January 1, 2014, the Board began sending monthly pension payments to Fran. A few days later, one of the Plaintiffs hand-delivered the signed change-of-beneficiary form to the Board and requested that it be honored. The Board informed

4

Plaintiffs that it would not recognize the change-of-beneficiary form, but did not provide a reason. Plaintiffs then filed this lawsuit.

In their suit, Plaintiffs sought a declaratory judgment that they were the lawful beneficiaries of Judge Shoenthal's pension benefits. Plaintiffs also requested mandamus to compel the Board to stop making payments to Fran and to begin making payments to Plaintiffs, and sought damages on the theory that the Board had breached Judge Shoenthal's employment contract, of which his pension benefits were a part. Plaintiffs raised claims of fraud, conversion, and money had and received against Fran, and sought attorneys' fees against all the defendants.

The Board moved for judgment on the pleadings, arguing that § 908 of the Pension Code unambiguously provided that changes to designated beneficiaries must be in writing and must be presented to the Board by the participant. The Board also argued that, even if the relevant code section was ambiguous, the trial court was required to defer to the Board's interpretation of that section as mandating the participant to present the form because such an interpretation was a reasonable construction. Fran also moved for judgment on the pleadings and adopted the Board's arguments. The trial court granted the Board's and Fran's motions, concluding that the completed change-of-beneficiary form did not constitute written notice from

Judge Shoenthal, because neither he nor someone acting at his direction ever mailed or hand-delivered the form to the Board. The trial court also concluded that the completed form never converted to written notice because it was not hand-delivered or placed in the mail by Judge Shoenthal or by a third party at his direction. This appeal followed.[1]

1. *Trial court correctly determined that Judge Shoenthal did not provide written notice, as required by the Pension Code.*

Plaintiffs argue that the trial court erred in granting judgment on the pleadings because it misconstrued § 908 of the Pension Code to require Judge Shoenthal actually and personally to deliver notice of the change-of-beneficiary form. Plaintiffs argue that § 908 requires the Board to change designated beneficiaries upon receiving any written notice, and nothing in the code section indicates that the Board must receive such notice directly from the participant. We disagree.

The grant of a motion for judgment on the pleadings is proper where there is a complete failure to state a cause of action and the allegations make clear that the

_____

[1] Plaintiffs' prior appeal was dismissed because the Board's cross-claim against Fran remained pending below and, thus, the trial court's order granting judgment on the pleadings was not a final order subject to a direct appeal. *See Shoenthal v. Shoenthal*, 333 Ga. App. 729 (776 SE2d 663) (2015). Plaintiffs filed a new notice of appeal after the trial court dismissed the cross-claim and entered a final judgment.

6

opposing party would not be entitled to judgment under any state of provable facts. *See Holland Ins. Grp., LLC v. Senior Life Ins. Co.*, 329 Ga. App. 834, 836 (1) (766 SE2d 187) (2014). Accepting Plaintiffs' allegations as true, Plaintiffs would show that Judge Shoenthal failed to send to the Board the completed change-of-beneficiary form prior to his death, and one of the Plaintiffs hand-delivered the form to the Board about a month after his death. Under these allegations, Plaintiffs failed to establish that the Board erred in declining to designate them as the beneficiaries of Judge Shoenthal's pension benefits. Because all of their claims rest on the presumption that they — not Fran — are the true beneficiaries, judgment on the pleadings is appropriate.

Regulations of a benefit association that provide the method of change of beneficiary must be complied with by the plan participant to make the change effectual, and the failure to comply with such regulations renders ineffectual an attempt to change the beneficiary. *Faircloth v. Coleman*, 211 Ga. 356, 359 (86 SE2d 107) (1955). Section 908 of the Pension Code pertinently provides:

> All participants shall, on a form provided for that purpose, designate a person or persons to receive the benefits payable in the event of the death of the participant. Such person or persons shall be the beneficiary of the participant.

7

The participant may from time to time change the beneficiary by written notice to the pension board, and upon the receipt by the pension board of such change, the rights of all previously designated beneficiaries to receive any benefit under this plan shall cease.

Pension Code § 908(b)(9)(A).

The Pension Code is part of the "complete recodification of the ordinances of DeKalb County, Georgia[.]" *See* Code of DeKalb County as revised, 1988 (preface). Construction of an ordinance is a question of law, generally subject to canons of statutory construction. *DeKalb Cty. v. Post Apartment Homes, L.P.*, 234 Ga. App. 409, 411 (1) (506 SE2d 899) (1998); *City of Buchanan v. Pope*, 222 Ga. App. 716, 717 (1) (476 SE2d 53) (1996). When we consider the text of a statute or ordinance, we must afford the text its "plain and ordinary meaning," view the text in the context in which it appears, and read it in its "most natural and reasonable way, as an ordinary speaker of the English language would." *Deal v. Coleman*, 294 Ga. 170, 172-73 (751 SE2d 337) (2013) (citations and punctuation omitted); *see also Daniel Corp. v. Reed*, 291 Ga. 596, 597 (732 SE2d 61) (2012) (courts attribute the "ordinary, logical, and common meanings" of words in an ordinance) (citation and punctuation omitted).

Here, the trial court correctly determined that Judge Shoenthal did not comply with Pension Code § 908(b)(9)(A) to effectuate a change in designated beneficiaries.

8

That section requires that the participant "change the beneficiary by written notice to the pension board[.]" The requirement that notice be "to the pension board" necessarily requires communication of the notice to the Board. Although Judge Shoenthal completed a Board form to change the designated beneficiaries, it is undisputed that he left the form on or in his desk. Although the statute does not specify how a form must be delivered to the Board — whether by fax, email, regular mail, or hand-delivery — the statute clearly requires some method of delivery in order to provide "notice to the [Board]." Indeed, the very next clause predicates effectiveness of the change upon receipt of the written notice by the Board. Failure to deliver the completed document does not constitute written notice to the intended recipient.

Judge Shoenthal's completion of the change-of-beneficiary form may well evidence his intent to change beneficiaries. On the other hand, his failure to deliver the document may also be evidence that he changed his mind about changing beneficiaries. We have no way of really knowing Judge Shoenthal's true intent, but we can say with certainty that his failure to send the document to the Board meant that *he* did not "change the beneficiary by written notice to the pension board[.]"

Plaintiffs argue that the Board nonetheless received written notice when one of the Plaintiffs hand-delivered the note after Judge Shoenthal's death. But, Plaintiffs do not allege that Judge Shoenthal directed them to do so.[2] Nor do Plaintiffs allege that Judge Shoenthal acted in a way so as to make the Board believe that Plaintiffs had the authority to submit the form on Judge Shoenthal's behalf. Thus, there are no allegations that Plaintiffs were acting as Judge Shoenthal's agents in delivering the change-of-benficiary form.[3] And even if they did allege an agency relationship, any agency to deliver the form was terminated upon Judge Shoenthal's death, well before one of the Plaintiffs delivered the form to the Board. *See Stinson v. Gray*, 232 Ga.

---

[2] Plaintiffs separately argue that the trial court applied the wrong legal standard in reviewing the motions for judgment on the pleadings because it considered matters outside of the pleadings and commented on a lack of evidence to support Plaintiffs claims. In support of their argument, Plaintiffs rely on the trial court's statement that "[t]here is no evidence to suggest that prior to Judge Shoenthal's death, . . . he directed Rachel F. Shoenthal to either hand-deliver or mail the [f]orm to the Board." Our review of the trial court's statement in context indicates merely that the court concluded (correctly) that Plaintiffs did not allege that Judge Shoenthal directed a third party to submit the form to the Board.

[3] "An agency relationship arises wherever one person, expressly or by implication, authorizes another to act for him or subsequently ratifies the acts of another in his behalf." *Dunn v. Venture Bldg. Grp., Inc.*, 283 Ga. App. 500, 503 (1) (642 SE2d 156) (2007) (citation and punctuation omitted). "[T]here may be apparent authority when the *statements or conduct of the alleged principal* reasonably cause the third party to believe that the principal consents to have the act done on his behalf by the purported agent." *Id.* (punctuation omitted; emphasis in original).

10

542, 544 (3) (207 SE2d 506) (1974) ("[A]ny agency created by [instructions to deliver a deed to the grantees after the grantor's death] was revoked by the death of the grantor, and any authority to deliver the deed was thus terminated.") (citation omitted). Because Judge Shoenthal did not give written notice to the Board of his desire to change beneficiaries and Plaintiffs had no authority to provide notice after his death, Judge Shoenthal did not effectively change his beneficiaries.

2. *Plaintiffs' citation of authority does not compel a different result.*

(a) Plaintiffs first argue that the trial court could not award judgment on the pleadings based on *Greater Georgia Life Ins. Co. v. Eason*, 292 Ga. App. 682 (665 SE2d 725) (2008). In *Greater Georgia Life*, the employer-provided life insurance plan had the decedent's son listed as the beneficiary, but the decedent's wife produced a "yellow carbon copy" of a form naming her as the beneficiary. *Id.* at 683-84. This Court reversed the trial court's grant of summary judgment to the wife on her claim that she was the beneficiary, concluding that there were questions of material fact as to whether the decedent formally requested a change of beneficiaries from his son to his wife because the original request form was missing and there was evidence that the employer never received that form. *Id.* at 687 (1) (b).

11

Plaintiffs argue that because this Court in *Greater Georgia Life* found that the evidence was sufficient to withstand a motion for summary judgment, their allegations are sufficient to withstand dismissal as well. But, this case is in stark contrast to *Greater Georgia Life*, where there was a question of fact as to whether the employer received a change-of-beneficiary form because the wife had a carbon copy of the form but the employer had no record of the original. Here, it is undisputed that the only copy of the form remained with Judge Shoenthal until his death, and he did provide any written notice to the Board. Thus, *Greater Georgia Life* has no application here.

(b) Plaintiffs also rely on *Westmoreland v. Westmoreland*, 280 Ga. 33 (622 SE2d 328) (2005) for the proposition that when an employee does everything he can to effectuate a change of beneficiary of an employee benefit plan, the beneficiary plan would take effect even though the employee died prior to full completion of the change. *Westmoreland*, however, does not apply here because Judge Shoenthal did not do "substantially all that [was] required of him" or "all that he [was] able to do." *Id.* at 34.

In *Westmoreland*, the decedent had asked a human resources employee for forms to change the beneficiary on all of his benefits, he completed all forms given

12

to him, and "the only reason he did not complete the form relating to the [retirement] plan at issue is because the human resources employee mistakenly never gave it to him." *Id.* at 33-34. The employer filed an interpleader action in a dispute between the parties who claimed to be the beneficiary. *Id.* at 34. In evaluating whether the trial court erred in using its equitable powers to change the beneficiary, our Supreme Court first noted that, although the regulations of a benefit association that provide the method of change of beneficiary must be complied with to make the change effectual, such regulations are made for the benefit and protection of the association. The Supreme Court held that, because the employer stood indifferently to the parties of the case, the trial court was authorized to use its equitable powers to determine which claimant should be designated the beneficiary. Then, in evaluating whether the trial court properly exercised its equitable powers to change the beneficiary, the Supreme Court stated that if

> the insured has done substantially all that is required of him, or all that he is able to do, to effect a change of beneficiary, and all that remains to be done is a ministerial action of the association, the change will take effect though the details are not completed before the death of the insured.

13

280 Ga. at 34-35 (citations and punctuation omitted). The Supreme Court concluded that under the circumstances of that case, the trial court did not err in using its equitable powers in changing the beneficiary because, but for the human resources employee's mistake, the decedent would have fully complied with the requirements to change the beneficiary. *Id.* at 35.

The facts of *Westmoreland* are materially different from those present here. Even if the trial court in this case could use its equitable powers to override the Board's ordinances and regulations, the allegations show that Judge Shoenthal did not do all that he could to effect a change of beneficiaries. He completed the form two days before his surgery, and despite tending to other matters in his office and repairing his car before his surgery, he did not place the form in the mail or otherwise cause it to be delivered. Thus, Judge Shoenthal was not like the decedent in *Westmoreland*, because Judge Shoenthal did not do all that he could do and did not substantially comply with all he was required to do.

Plaintiffs insist that the pleadings (which we must take as true in this posture) state that Judge Shoenthal could not have delivered the form on the day he completed the form or the following day and, thus, he did all that he could to effectuate the change in beneficiaries. Plaintiffs point only to a paragraph in the complaint stating

14

that on the day he signed the form, November 25, and on the following day, Judge Shoenthal was working in his office and attending to car repairs. But this paragraph does not support the inference Plaintiffs wish us to draw. Instead, it simply stands for the proposition that Judge Shoenthal elected to work in his office and attend to auto repairs instead of dropping the completed form in the mail. This is not doing all he could do.

Because the trial court correctly ruled that the Plaintiffs cannot show that they were the true beneficiaries, Plaintiffs' claims for declaratory relief, mandamus, and breach of contract against the Board fail as a matter of law. Similarly, their claims for fraud, conversion, and money had and received against Fran also fail as a matter of law. Therefore, we need not address Plaintiffs' argument that the trial court erred by failing to analyze independently each of these substantive claims, along with their derivative claim for attorneys' fees.

*Judgment affirmed. Phipps, P. J., and Dillard, J., concur.*