[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14085
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-01878-RWS

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,

Plaintiff - Appellee,

versus

JEAN KOPP,

Defendant - Cross Defendant -
Cross Claimant - Appellant,

GREGORY KOPP,
as Co-Trustee of the Gerald A. Kopp Irrevocable Trust
Dated December 10, 1998, et al.,

Defendants - Cross Claimants -
Cross Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 12, 2016)

Before HULL, MARCUS, and ROSENBAUM, Circuit Judges.

PER CURIAM:

This case involves a dispute about who is entitled to death benefits under Gerald Kopp's life-insurance policy. On one side of the dispute is Appellant Jean Kopp ("Jean"), Gerald's wife at the time of his death. On the other side are Appellees Steven Kopp ("Steven") and Gregory Kopp ("Gregory"), Gerald's sons from a prior marriage and co-trustees of an irrevocable trust established by Gerald. Both Appellant and Appellees claim they are Gerald's beneficiary and thus entitled to the death benefits. Faced with these competing claims, the insurer, The Prudential Insurance Company of America ("Prudential"), filed this interpleader action to determine the rightful beneficiary. Steven and Gregory moved for judgment on the pleadings, while Jean moved for summary judgment. The district court granted judgment on the pleadings to Steven and Gregory and denied Jean's motion for summary judgment. Jean appeals.

The question in this case is whether a written request to change the beneficiary of the policy to Jean—submitted to Prudential in July 2012 and signed by Gregory and Gerald—was sufficient to show that Jean is the rightful beneficiary notwithstanding the fact that Prudential did not process the request. The district court concluded that it was not sufficient because the request did not strictly or substantially comply with Prudential's regulations for beneficiary changes. Jean

argues that the district court applied too strict a standard of compliance and that, as an equitable matter, she is entitled to receive the death benefits from Gerald's life-insurance policy. After careful review, we vacate and remand for further proceedings.

## I.

Jean and Gerald were married from 1969 until Gerald passed away in 2012. Gerald had two sons, Gregory and Steven, from a prior marriage. In 1973, Gerald obtained the life-insurance policy at issue from Prudential. At that time, Gerald, the insured, named Jean the sole beneficiary of the policy.

In 1998, Gerald established The Gerald A. Kopp Irrevocable Trust (the "Trust"). The Trust instrument named as trustees Gregory and Ron Jones, Gerald's accountant, with Steven named as a replacement if either Gregory or Ron Jones ceased to serve as such. In 2000, Gerald, Gregory, and Ron Jones executed and submitted a form to Prudential changing the owner and beneficiary of the policy to the Trust.

In July 2012, Prudential received a standardized form requesting a change in beneficiary and ownership for the policy (the "2012 Form"). The 2012 Form purported to change the owner of the policy from the Trust to Gerald and the beneficiary of the policy from the Trust to Jean. The 2012 Form was signed by both Gregory, in the blank designated for the "[c]urrent owner's signature," and

3

Gerald.[1]  Instructions on the 2012 Form state that if the owner of the policy is a trust, "each trustee must sign unless the trust itself or state law provides otherwise" and must insert the title "trustee" after the signature.

After receiving the 2012 Form, Prudential sent notice that it did not process the change-in-beneficiary request for the following reason: "A trust is currently listed as the owner of this policy.  The trustees of the trust must sign the enclosed form, insert the title 'trustee' after the signatures, and initial the insertion."  The letter was sent on August 1, 2012.  No completed form was submitted to Prudential.

Gerald passed away on August 11, 2012, leaving around $400,000 in death benefits payable under the policy.  Both Jean and the Trust, through Gregory and Steven[2], claimed to be the beneficiary of the policy.  Faced with conflicting demands for payment of the death benefits, Prudential filed this interpleader action, disclaiming any ownership of the subject funds and asking the district court to determine the rightful recipient.[3]  Jean, Gregory, and Steven filed answers to the interpleader complaint and crossclaims asserting entitlement to the policy

---

[1] Gregory alleges that Jean fraudulently procured his signature by misrepresenting the purpose of the form.  We do not consider this allegation in this appeal because we construe the facts in the light most favorable to Jean, the non-moving party. *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014).

[2] Steven had replaced Ron Jones as trustee in December 2013, after Gerald's death but before the insurance claim was filed.

[3] Prudential was later dismissed by agreement of the parties.

4

proceeds.  Thereafter, Gregory and Steven moved for judgment on pleadings, and Jean moved for summary judgment.

The district court granted judgment on the pleadings to Gregory and Steven and denied summary judgment to Jean.  The court first found that the 2012 Form did not strictly comply with Prudential's regulations and therefore was not legally effective to change the beneficiary of the policy.  Specifically, the 2012 Form did not contain either the signatures of both trustees or a trustee designation after Gregory's signature.  The court also rejected Jean's argument that the 2012 Form substantially complied with the contractual requirements because "additional steps could have been taken to effectuate the change in accordance with the Policy requirements."  For instance, Ron Jones could have, but did not, sign the 2012 Form.  Accordingly, the district court found as a matter of law that the 2012 Form failed to change the beneficiary of the policy to Jean.  Jean now appeals.

## II.

We review *de novo* an order granting judgment on the pleadings.  *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014).  "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law."  *Id.* (quoting *Cannon v. City of West Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)).  We accept as true the material facts alleged in the non-moving party's pleading and construe

5

them in the light most favorable to that party. *Id.* Judgment on the pleadings should be denied "[i]f a comparison of the averments in the competing pleadings reveals a material dispute of fact." *Id.*

## III.

Under Georgia law, which governs this dispute, where the insurer "stands indifferently as to the parties in an interpleader action," strict compliance with the insurer's regulations is not required, and "the court is permitted to use its equitable powers to determine which claimant should receive the benefit." *Westmoreland ex rel. Westmoreland v. Westmoreland*, 622 S.E.2d 328, 329 (Ga. 2005). An insurer's regulations are made solely for its benefit and protection, *id.*, so if the insurer is not an interested party, "the court may award the fund on equitable principles, and without regard to the technical defenses open to the [insurer] under regulations made by it for the change of such beneficiary," *Faircloth v. Coleman*, 86 S.E.2d 107, 109–10 (Ga. 1955); *see also Barrett v. Barrett*, 160 S.E. 399, 401–02 (Ga. 1931). The insurer's regulations "merely serve as an indication of the possible intent" of the insured or other party authorized to request a change in beneficiary. *Westmoreland*, 622 S.E.2d at 329. Thus, courts may award interpleaded funds to a party who is not the designated beneficiary of the policy.

This Court, applying Georgia law, has stated that a change-in-beneficiary request is effective where it is clear the requesting party has a right to make a

6

change, intends a change, and takes reasonable steps to bring about a change. *Bohannon v. Manhattan Life Ins. Co.*, 555 F.2d 1205, 1210 (5th Cir. 1977).[4] "Mere expression of intent to change a beneficiary without some overt act is not sufficient to effectuate such a change." *Westmoreland*, 622 S.E.2d at 329. But equitable relief is appropriate if the requesting party "did substantially all that he could do to effectuate a change of the beneficiary," *id.*, because "[e]quity considers that done which ought to be done and directs its relief accordingly," O.C.G.A. § 23–1–8. *See West v. Pollard*, 43 S.E.2d 509, 511 (Ga. 1947) ("[S]ubstantial compliance with the terms of the policy respecting a change in beneficiary is sufficient.").

Here, the district court erred to the extent it required strict compliance with the insurer's regulations. Because Prudential stood indifferently as to the parties in this interpleader action, strict compliance was not required, and the policy's regulations merely served as an aid to ascertain the intention of the Trust—the owner and beneficiary of the policy when the 2012 Form was filed. *See Westmoreland*, 622 S.E.2d at 329; *Faircloth*, 86 S.E.2d at 110.

In any case, the district court also found that Jean had not shown substantial compliance. The court determined that the 2012 Form did not comply with a policy regulation requiring that, if a trust is the owner of the policy, "each trustee

---

[4] This Court adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

must sign **unless the trust itself . . . provides otherwise**," Doc. 65 at 6 (emphasis added), as it was undisputed that Ron Jones did not sign the 2012 Form. The court reasoned that this regulation was not simply a technical requirement that could be disregarded. As a result, the court concluded that Jean failed to establish substantial compliance because "additional steps could have been taken to effectuate the change in accordance with the Policy requirements."

Jean contends on appeal, as she did in the district court, that Ron Jones need not have signed the 2012 Form because "the trust itself . . . provides otherwise" than the policy requirement that each trustee must sign. More precisely, Jean argues that the Trust instrument authorized Gregory to change the policy's primary beneficiary unilaterally. She contends that the following "Nongeneral Power of Appointment" provision in the Trust instrument grants Gregory that power individually:

> Notwithstanding anything in this Trust agreement to the contrary[,] GREGORY A. KOPP[] shall have the power at any time and from time to time, to make gifts of the principal of this Trust, in whole or in part and in any manner and in such proportions as [he] see[s] fit, to whomever [he] desire[s], . . . ."

Doc. 38-1 at 9–10. She also contends that other provisions in the Trust instrument gave Gregory the right as co-trustee to unilaterally execute the 2012 Form. If Gregory had the right to unilaterally execute the 2012 Form, Jean contends, his

8

signing and submission of the 2012 Form is sufficient to establish substantial compliance for purposes of this equitable interpleader action.

Appellees Steven and Gregory respond that both Georgia law and the Trust instrument make clear that Gregory was not authorized to give away trust property unilaterally. They cite, among other things, a provision in the Trust instrument stating that unanimous consent of the trustees is required if one of Gerald's children is serving as trustee and the action proposed to be taken involves trust property valued at $50,000 or more.

While the district court found that the 2012 Form did not substantially comply with the insurer's regulations, the court did not address Jean's arguments that the Trust agreement provided differently from the policy's default requirement that each trustee sign the form. In other words, an unresolved question exists concerning whether Gregory had the power to unilaterally effect a change in beneficiary. And if Gregory had such authority, we do not think it could be said as a matter of law—at least based on the limited record applicable to our review of the grant of judgment on the pleadings—that the 2012 Form could not show both intent and reasonable, overt actions sufficient to effect a change in beneficiary. *See Bohannon*, 555 F.2d at 1210.

Although the interpretation of a trust instrument is a question of law that we may address in the first instance, *see Perling v. Citizens & S. Nat'l Bank*, 300

9

S.E.2d 649, 651 (Ga. 1983), we generally prefer that the district court address the parties' arguments in the first instance. *See Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1322 & n.4 (11th Cir. 2001) (noting our preference for the district court to address issues in the first instance); *Bufman Org. v. F.D.I.C.*, 82 F.3d 1020, 1028 (11th Cir. 1996) (same). Consequently, we vacate the entry of judgment on the pleadings and remand for proceedings consistent with this opinion.

**VACATED AND REMANDED.**